12 417
56a 398
12 417
88a 239

PETER SCHUTTLER, Appellant, *v*. WILLIAM PIATT, Appellee.

APPEAL FROM COOK COUNTY COURT OF COMMON PLEAS.

If a note and assignment are made in this State, the rights and liabilities of the parties, must be governed by the laws of the State.

An assignor of a note is liable, if the assignee uses due diligence in prosecuting the maker to insolvency, or if the institution of a suit against him would have been unavailing, and if the maker of the note has absconded or left the State when the note falls due.

If the maker of a note is beyond the limits of the State when the note matures, so that he cannot be subjected to our jurisdiction, the liability of the assignor becomes fixed.

The assignee of a note is not bound to pursue the debtor into a foreign jurisdiction, but he may at once resort to his assignor for payment; the fact that the maker of the note resided in another State, when he gave the note, though known to the assignee, does not vary the liability.

This was an action of assumpsit in the Cook County Court of Common Pleas, brought by Schuttler against Piatt, to recover from the latter the amount of a promissory note given by one Armstrong, to him or order, and endorsed by Piatt to Schuttler. At February term, 1851, of the Court, Spring, Judge, presiding, the cause was submitted to him, without the intervention of a jury, and a verdict and judgment was entered for the defendant. Schuttler thereupon appealed to this Court. The bill of exceptions, shows that Schuttler introduced the following note, which was read in evidence.

27

"Fifty days after date, I promise to pay William Piatt, or order one hundred dollars for value received.

JOHN ARMSTRONG, Jr.

Chicago, 19 Oct., 1848."

Endorsed, " Pay Peter Schuttler, or order.     Wm. Piatt."

Two other notes of a like character were also introduced by Schuttler. A witness was sworn, who stated that the notes were given for a buggy and a pair of horses that Piatt sold Armstrong, that a few days afterwards, Armstrong left for his home, in Wisconsin. That Piatt lived in Indiana, and before his return home, sold the notes to Schuttler for some wagons. That Schuttler asked the witness if the notes were good, witness replied that Piatt was good if Armstrong was not. And that when the notes were endorsed, it was stated by Piatt and others, that Armstrong lived in the State of Wisconsin, up in the pinery. That, soon after the trade, Armstrong took the horses and buggy, and left for Wisconsin, since when, witness had not seen him, nor has Armstrong, to the knowledge of witness, been in Chicago since. That the notes were endorsed within two weeks after they were given. That it was understood by all the parties, that Armstrong lived in Wisconsin.

Another witness stated, that he had known Armstrong since 1842, and that he did not know of his having any property since 1844 or 1845.

JUDD & WILSON, for Appellant.

J. H. COLLINS, for Appellee.

TREAT, C. J.    This was an action of assumpsit, brought by Schuttler, the assignee of certain promissory notes, against Piatt, the payee and assignor.  The declaration contained two classes of counts; the one alleging the insolvency of the maker, the other his departure from the State, before the maturity of the notes.  It appeared, in evidence, that the notes were made in Chicago, and were there assigned in the usual form, before they became due.  The maker resided in Wisconsin, and returned home shortly after the execution of the notes, and had not since been within this State.  The plaintiff was informed of his residence, when he received the notes.  The payee was a resident of Indiana.  Some evidence was given, tending to show the sol-

vency of the maker, but in the view we are inclined to take of the case, it need not be further noticed. The Court rendered judgment for the defendant.

The note and assignment having been made in this State, the rights and liabilities of the parties must be governed and determined by our laws. The statute, after providing that the assignor shall be liable to the assignee, if the latter shall use due diligence by suit against the maker, proceeds as follows: "Provided, that if the institution of such suit would have been unavailing, or the maker or makers had absconded, or left the State, when such assigned note, bond, bill or other instrument in writing became due, such assignee or assignees, or his or her executors or administrators, may recover against the assignor or assignors, or against his or their heirs, executors or administrators, as if due diligence by suit had been used." There are three contingencies in which the assignor may be made liable. *First,* where the assignee, by the exercise of due diligence, prosecutes the matter to insolvency. *Second,* where the institution of a suit would be unavailing. *Third,* where the maker has absconded or left the state, when the note falls due. The assignor, by a general indorsement of the note, binds himself to pay it on the happening of either of these contingencies. The provisions of the statute enter into and form a part of the contract of the parties. If the maker is beyond the limits of the state when the note matures, so that he cannot be subjected to our jurisdiction, the liability of the assignor becomes fixed. The assignee is not bound to pursue the debtor into a foreign jurisdiction, but he may at once resort to his assignor for payment. The circumstance that the maker resided in another state, and that this was known to the plaintiff when he received the notes, does not vary the liability of the defendant. His indorsement was general, and he must abide the consequences of a statutory assignment. If the parties had intended otherwise, the indorsement would have been special, restricting the responsibility of the assignor.

The ruling of the Circuit Court was clearly erroneous, and its judgment must be reversed, and the cause remanded.

*Judgment reversed.*