JOHN DOBSON *et al.*

*v.*

CLAIR E. MORE, Assignee.

*Filed at Ottawa November 9, 1896.*

1. CORPORATIONS—*limits within which agent may bind corporation by contract.* The power of an agent to bind a corporation by contract is limited by the nature and scope of his authority, and to those matters concerning which the corporation is, by its charter and by-laws, authorized to contract.

2. SAME—*when by-law does not authorize agent to bind corporation as guarantor.* A by-law empowering a general manager to bind the company by contracts for merchandise, and to sign notes, drafts and acceptances in payment of any proper indebtedness of the company, does not authorize him to bind the company as a guarantor.

3. SAME—*unauthorized guaranty of private debt not enforceable.* The guaranty by a corporation, through its general manager, of an indebtedness owing by such general manager, jointly with another stockholder, known by the creditor receiving it to be beyond the scope of the corporate business, cannot be enforced.

*Dobson v. More*, 62 Ill. App. 435, affirmed.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the County Court of Cook county; the Hon. O. N. CARTER, Judge, presiding.

This is an appeal from a judgment of the Appellate Court affirming a judgment of the county court of Cook county, sustaining exceptions to the claim of appellants against the insolvent estate of the Wilson & Bayless Company. The claim is based upon the guaranty by the Wilson & Bayless Company of five certain promissory notes of George Wilson, Jr., and Theodore P. Bayless, executed February 5, 1889, payable to the order of John and James Dobson, the appellants, for $3627.05. The form of guaranty of each note is as follows:

"For value received, we hereby guarantee the payment of the within note at maturity.

WILSON & BAYLESS COMPANY.
GEO. WILSON, JR., *Gen. Manager*."

The assignee of the insolvent company filed with the clerk of the county court, as required by statute, (Hurd's Stat. 1889, chap. 10a, sec. 4,) a report showing this claim, among others. He also filed exceptions to the claim, stating therein that it was excessive, and was not valid against the estate or the corporation, and was against the firm of Wilson & Bayless "and not against said firm of Wilson & Bayless Company." Upon such exceptions being filed the clerk issued a summons to the appellants, as required by section 5 of the said chapter. The county court afterward proceeded to hear the proofs and allegations of the parties, and rendered a judgment sustaining the exceptions and disallowing the claim.

It appears from the evidence introduced in the county court, that on or about the 25th day of September, 1888, the insolvent corporation was incorporated for the purpose of manufacturing and selling furniture and house furnishing goods, with a capital stock of $60,000. Prior to this time Wilson & Bayless had been in partnership doing a furniture business, and while so in partnership contracted the indebtedness for which they gave their notes as above stated. On or about October 8, 1888, the firm of Wilson & Bayless turned over to the insolvent cor-

poration merchandise which inventoried about $36,000, for $36,000 of the capital stock of the insolvent company, which was issued to George Wilson, Jr., and Theodore P. Bayless. Other parties subscribed for the balance of the capital stock of the company. On or about the last of January, 1889, the appellants placed their claim in the hands of attorneys, and threatened to institute attachment proceedings and levy on the goods in the hands of the Wilson & Bayless Company. Thereupon Wilson and Bayless executed the notes and guaranty above mentioned.

DENT & WHITMAN, and LATHROP S. HODGES, for appellants:

A trading corporation may guarantee the obligations of third persons, especially to accomplish business ends of the corporation or to extend or save its business career. *Railroad Co.* v. *Howard,* 7 Wall. 392; *Bank* v. *Stone,* 64 N. W. Rep. 487.

The corporation represented by the appellee herein became bound by the guaranty. *Glover* v. *Lee,* 140 Ill. 102.

Having received the benefit of the consideration, the corporation should not be allowed to maintain the defense of *ultra vires.* *Heims Brewery Co.* v. *Flannery,* 137 Ill. 309; *Kadish* v. *Building Ass.* 151 id. 531.

BULKLEY, GRAY & MORE, for appellee:

The general rule in this country and in England is that a corporation is impliedly prohibited from guaranteeing the debt of another. *Humboldt Mining Co.* v. *Mill Co.* 62 Fed. Rep. 356; Morawetz on Private Corp. sec. 423; *McLellan* v. *File Works,* 56 Mich. 579; *Bank* v. *Insurance Co.* 50 Conn. 167; *Bank* v. *Warehouse Co.* 116 N. Y. 292; *Plank Road Co.* v. *Plank Road Co.* 7 Wis. 59; *Colman* v. *Railway Co.* 10 Beav. 1; *Davis* v. *Railroad Co.* 131 Mass. 258; *Marble Co.* v. *Harvey,* 92 Tenn. 115; *Railway Co.* v. *Railroad Co.* 118 U. S. 290.

Where a party makes with the officers of a corporation an illegal contract beyond the power of the corporation, as shown by its charter, such third party cannot recover, because he acts with knowledge that the officers have exceeded their power, and between him and the corporation or its stockholders no amount of ratification of this authority to make the contract would make it valid. *Lucas* v. *White Line Trans. Co.* 70 Iowa, 546.

Mr. JUSTICE CRAIG delivered the opinion of the court:

At the time the guaranty was executed George Wilson, Jr., was president and general manager of the Wilson & Bayless Company, and Bayless was vice-president and treasurer. Section 6, chapter 32, of the Revised Statutes of 1874, under which this corporation was organized, among other things provides: "The officers of the company shall consist of a president, secretary and treasurer, and such other officers and agents as shall be determined by the directors or managers; and the directors or managers may adopt by-laws for the government of the officers and affairs of the company, provided they are not inconsistent with the laws of this State." Under this provision of the statute the corporation adopted the following by-law:

"The practical conduct of the business of the company and the supervision of the details shall be entrusted to some discreet person, who shall be appointed by the board of directors, and who shall be known as the 'General Manager.' Such general manager shall have the direct supervision and control of the store, warehouses and offices of the company, shall employ and at his pleasure discharge all of the porters, truckmen, clerks, and shall fix their compensation, and shall also act as the purchasing agent of the company, and shall have power to bind it by his contracts for merchandise. He shall have authority to sign notes, drafts and acceptances in the name of the company, and to make checks upon the

164—8

company funds in bank for the payment of any proper indebtedness of the company."

Under the by-law George Wilson, Jr., was authorized to bind the company by contract for merchandise and to sign notes, drafts and acceptances, and execute checks for the payment of the indebtedness of the company, but the language of the by-law confers no authority whatever on him to bind the company as a guarantor for the indebtedness of another. There was no action of the board of directors of the company authorizing him to bind the company as security or as guarantor for the debt or obligation of another. It is true that Wilson executed the guaranty as general manager, but the powers of an agent of a corporation to enter into contracts for and on behalf of the corporation are limited to those matters concerning which the charter and by-laws of the corporation authorized it to make contracts. *Downing* v. *Mount Washington Railway Co.* 40 N. H. 235.

*McLellan* v. *Detroit Tile Works*, 56 Mich. 579, is a case quite similar to the case under consideration, and in the decision of the case Chief Justice COOLEY, among other things, said: "The case was such that the plaintiff must be deemed to have accepted renewals of the notes with knowledge of all the facts. They held partnership notes and they accepted corporation notes in renewal, and they must be deemed to have known that an officer of a corporation can have no general authority to give the notes of the corporation to take up the outstanding obligations of members. Special authority would be required to empower him to do so, and those persons who should venture to take such notes from him must at their peril ascertain that the special authority has been conferred. In cases like *Farmers and Mechanics' Bank* v. *Troy City Bank*, 1 Doug. (Mich.) 457, *Littell* v. *Fitch*, 11 Mich. 526, *Carrier* v. *Cameron*, 31 id. 373, and other cases cited on behalf of the plaintiff to the point that notes given by the proper officer of a corporation, or by a partner in the name of the corpo-

ration or partnership, in the regular course of business, must be deemed given with due authority, have no application here, for the very obvious reason that a corporate note given for an individual obligation is not given in the regular course of business, but, presumptively, is *ultra vires*. An officer of a corporation can never have implied authority to give such notes. They are, presumptively, accommodation notes given to take up the notes of third parties, and in order to support them it would be necessary to overcome the presumption against authority by express affirmative showing, the general authority to make notes for the corporation being insufficient for the purpose. *West St. Louis Savings Bank* v. *Shawnee Co. Bank*, 95 U. S. 557; *Perry* v. *Simpson, etc. Co.* 37 Conn. 520." See, also, *National Park Bank* v. *German Mutual Warehouse Co.* 116 N. Y. 292; Morawetz on Private Corp. sec. 423.

In *Lucas* v. *White Line Trans. Co.* 70 Iowa, 546, it was held that where a party makes with the officers of a corporation a contract beyond the power of the corporation as shown by its charter, such third party cannot recover, because he acts with knowledge that the officers have exceeded their power, and between him and the corporation or its stockholders a ratification of the authority to make the contract would not make it valid. Here the president and manager of the corporation had no authority from the board of directors to enter into a contract of guaranty in behalf of the corporation, and in the absence of such authority he could not bind the corporation beyond the scope of the business in which the corporation was engaged. Appellants knew, when Wilson made the contract of guaranty, that the contract was not within the scope of the business in which the corporation was engaged and was a contract beyond his power to make, and having knowledge of such fact they cannot recover.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*