## George E. Lloyd & Co. v. Nelson E. Matthews, et al.

### Gen. No. 11,903.

1. ULTRA VIRES—*when endorsement of note by corporation not.* It is not *ultra vires* a corporation to endorse a note given by its debtor for the purpose of paying a debt due it through the medium of having the same discounted by a bank.

2. PRESIDENT—*when authority of, presumed.* When the president of a corporation performs therefor an act which it had power

Lloyd & Co. v. Matthews.

to perform, it will, in the absence of evidence, be presumed that such president acted within his authority.

3. ELECTION—*what does not constitute.* Where suit is brought upon the endorsement of a promissory note, and one count of the declaration charges the defendant as an endorser and the other as a guarantor, no election can be said to have taken place by the plaintiff to hold the defendant in either one or the other of such capacities.

4. INSTRUCTION—*must not ignore any theory of recovery.* An instruction in an action of *assumpsit* which ignores any theory of recovery is improper.

5. INSTRUCTION—*must not ignore evidence relevant to the right of recovery.* An instruction in an action of *assumpsit* is erroneous which ignores evidence relevant to any theory upon which a recovery might be predicated.

Action of assumpsit. Appeal from the Circuit Court of Cook County; the Hon. JOHN GIBBONS, Judge, presiding. Heard in this court at the October term, 1904. Affirmed. Opinion filed April 10, 1905.

**Statement by the Court.** The appellees, Nelson E. Matthews and Clark H. Rice, partners under the name of Matthews and Rice, are bankers and doing business as such in Ottawa, in the State of Ohio. They sued the appellant, a corporation, in assumpsit on the following promissory note and the endorsement thereon:

"$1,500.          OTTAWA, OHIO, July 25, 1902.

Sixty days after date we, or either of us, promise to pay to the order of Geo. E. Lloyd & Company fifteen hundred dollars, payable at the banking house of Matthews & Rice, Ottawa, Ohio. Value received. If not paid at maturity to bear 8 per cent interest from maturity.

Columbia Telephone Manufacturing Company,

By G. M. RISSER, President.

WM. REES, Secretary."

On the back of the instrument is:

"Payment guaranteed, protest, demand, and notice of nonpayment waived.          GEO. E. LLOYD & CO.,

E. C. WILLIAMS, President."

The declaration contains two special counts and the common counts. The first special count is against appellant as an endorser merely. The second special count is on the guaranty. The counts are in the usual form and in each it is averred that 8 per cent per annum is a lawful rate of interest, by the law of the State of Ohio.

Appellant pleaded the general issue, and a plea denying the execution of the instrument sued on, verified by affidavit. The jury found the issues for the plaintiffs and assessed their damages at the sum of $1,500. Motions to instruct the jury to find for the defendant at the close of the plaintiff's evidence and at the close of all the evidence, for a new trial and in arrest of judgment, were made by appellant and overruled by the court, and judgment was rendered on the verdict.

George H. Rice, a member of the partnership of Matthews & Rice, testified, in substance, that July 25, 1902, Mr. F. J. Mason, the manager of the Columbia Telephone Manufacturing Company, came to the bank of Matthews & Rice and introduced Mr. Williams as the president of George E. Lloyd & Co. of Chicago, and stated that the Telephone Company owed George E. Lloyd & Co. $1,500, and had arranged to give George E. Lloyd & Co. a note for 60 days, and desired us to discount the note, and we told them we would do so if George E. Lloyd & Co. would guarantee its payment, and I took our regular rubber stamp and put on the note the endorsement which is on it, and Mr. Williams signed George E. Lloyd & Co., by himself, as president, in my presence, and we held the note for a few days, until he wrote down and had a letter from George E. Lloyd & Co. The witness then identified the following copies of letters and telegram, which were put in evidence:

"OTTAWA, OHIO, July 26, 1902.
MR. GEO. E. LLOYD & Co., Chicago, Ill.

Dear Sir: We have today rediscounted for you through F. J. Mason a note given by the Columbia Telephone Manufacturing Company of Ottawa, Ohio, for $1,500,

Lloyd & Co. v. Matthews.

dated July 25, 1902, due in sixty days from date, payable to the order of Geo. E. Lloyd & Company, at the banking house of Matthews & Rice, Ottawa, Ohio. The note is indorsed as follows: Payment guaranteed, protest, demand and notice of non-payment waived. Geo. E. Lloyd & Company by E. C. Williams, president. While we have no doubt as to the correctness of the transaction, we will thank you to confirm same by letter.

Yours truly,<br>MATTHEWS & RICE."

Telegram dated Ottawa, Ohio, July 29, 1902.
"To Geo. E. Lloyd & Co., Chicago, Ill.

Have you our letter twenty-sixth? If so, is everything satisfactory as to our discounting Columbia Telephone Company note, fifteen hundred dollars, endorsed by your company? Answer.                     MATTHEWS & RICE."

"GEO. E. LLOYD & Co..<br>Incorporated.<br>Machinery, 194 Clinton St., Chicago.

7-29-02.

MATTHEWS & RICE, OTTAWA, OHIO.

Gentlemen: Your letter of the 26th was received during the writer's absence. Your telegram was also received. We have wired you as follows: Telegram received. Everything perfectly satisfactory. Letter today. Trusting that this is satisfactory in every respect, we remain,

Yours very truly,<br>GEO. W. LLOYD & COMPANY.

Dictated. E. C. W."

The witness further testified that Mr. Matthews dictated the letter of July 26, 1902; that the word "rediscounted" was a mistake; that the word "discount" should have been used. He further testified that on receipt of the letter of July 29 from George E. Lloyd & Co., appellees discounted the note; that $1,480 was by appellees placed to the credit of the Columbia Telephone Manufacturing Company, and

the arrangement was made that Mr. Mason would send a'
check to George E. Lloyd & Co. for the amount, which was,
done, to witness' knowledge.

Witness further testified that when the note was due'
appellees made demand on the Columbia Telephone Mfg.
Co. for payment and the company did not pay.

Edward C. Williams, president of the appellant com--
pany, testified that when he made the endorsement there·
was nothing above the signature "George E. Lloyd & Com-
pany, by E. C. Williams, President;" that the words "Pay-
ment guaranteed, protest, demand and notice of non-pay- ·
ment waived," were not stamped over that signature at the;
time witness signed the name George E. Lloyd & Co.
Witness also testified that he wrote the letter addressed
Matthews & Rice, Ottawa, Ohio, and the words "Dictated..
E. C. W."

Frederick J. Mason, general manager of the Columbia·
Telephone Mfg. Co., testified substantially as did Mr. Will--
iams, that there was nothing on the back of the note above·
the signature of appellant's name when Mr. Williams signed
appellant's name, as president, and both Mr. Williams and
Mr. Mason testified that, at the time the latter endorsed the:
note, nothing was said about guaranteeing it.

BANGS, WOOD & BANGS, for appellant.

PECKHAM, SMITH, PACKARD & APMADOC, for appellee..

MR. JUSTICE ADAMS delivered the opinion of the court..

Counsel for appellant, in their argument, say that the·
main question involved is whether the contract sued on is·
*ultra vires* the appellant company, and contend that it is,.
citing Dobson v. More, 164 Ill. 110, in which case the gen--
eral manager of a corporation undertook to guarantee, in:
the name of the corporation, a note "given for an individual
obligation." The case has no application to the facts of
this case. The evidence is that F. J. Mason, the manager·
of the Columbia Manufacturing Company, and E. C. Will-
iams, appellant's president, went together to the banking·

house of appellees, and there stated to appellee that the Telephone Manufacturing Co. was indebted to appellant, and requested appellant to discount the note, and that an arrangement was made by which the money was to be placed to the credit of the last named company, and that Mr. Mason was to give appellant a check for it; that the money was so credited and that Mason gave appellant a check as agreed. Mason and Williams were called as witnesses by appellant, and neither denied the arrangement testified to by George H. Rice, nor the giving of the check. Appellant was a manufacturer of machinery and Williams, as he testified, was its president. The appellant certainly had power to collect debts due to it, and to exercise all necessary and legitimate means for that purpose, and the exercise of this power by the company's president must, in the absence of evidence to the contrary, be presumed to have been authorized. As president, Williams had the power. Bank of Minneapolis v. Griffin, 168 Ill. 314, 317.

Here, appellant guaranteed the payment of the note, in order that the Telephone Manufacturing Co. might procure the money to pay its debt to appellant. The transaction was, in substance, a discount of the note, indirectly, for appellant, and was so regarded, as George H. Rice testified. There was a conflict in the evidence as to whether the words, "Payment guaranteed, protest, demand and notice of non-payment waived," were on the back of the note at the time appellant's name was endorsed thereon by Williams, its president. All that the appellees knew of Williams was that he was introduced to them by Mason as appellant's president, and George H. Rice testified: "The arrangement was made that, when the letters came back from George E. Lloyd, and we found it satisfactory, we were to discount the note." Appellees, accordingly, held the note until they could hear from George E. Lloyd & Co. In appellees' letter to appellant of July 26, 1902, the next day after the interview between Williams and Mason and appellees, it is plainly stated: "The note is endorsed as follows: 'Payment guaranteed; protest, demand and notice

of non-payment waived.'" In appellees' telegram to appellant of July 29, 1902, attention is called to appellees' letter of the 26th, and the question asked: "Have you our letter twenty-sixth? If so, is everything satisfactory," etc. On the same day, July 29th, appellant answered, saying appellees' letter and telegram were received, and that everything was "perfectly satisfactory." These letters and the telegram corroborate the evidence of George H. Rice. Williams, in his testimony, says that to the best of his recollection he did not receive the letter of July 26; but, on the letter of July 29 being exhibited to him by appellant's attorney, he admitted that he wrote that letter, and the letter of July 29 expressly acknowledges the receipt of appellees' letter of July 26 and expresses satisfaction with its terms.

Williams and Mason confine themselves to testifying that at the time Williams signed appellant's name on the back of the note there was nothing above the signature; but even though this were true, it would not avail appellant, because, by its letter of July 29 it ratified the endorsement above the signature. We think the guaranty proved by a preponderance of the evidence.

Appellant's counsel say that appellees elected to sue on the guaranty and are estopped to assert any other liability, citing Clayes v. White, 65 Ill. 359, a case not the least in point. In that case there was an election; in this there was not. The two special counts of the declaration were for different causes of action, and appellees were not bound to rely exclusively on either count, but could rely on either or both, as the evidence might warrant. If the evidence supports either it is enough to warrant recovery. Hance v. Miller, 21 Ill. 636; Croskey v. Skinner, 44 Ill. 321, 323.

Appellant's counsel urge as error the refusal of appellant's instruction 1 and the giving of appellees' instructions 2 to 5, both inclusive. Appellant's instruction 1 ignores appellant's liability as endorser, and was properly refused. The objections urged by appellant's counsel to appellees' instructions 2 to 5 cannot be sustained. We find no re-

versible error in any of these instructions.  Appellant's 4th instruction is as follows:

"The court instructs the jury that a president of a corporation, by virtue of his office, has no authority to guarantee the payment, in the name of the corporation, of a promissory note executed by a third person."  This instruction is correct as an abstract proposition of law.  But there was evidence tending to prove that appellant's president guaranteed the note merely as a means of procuring money for the Columbia Telephone Manufacturing Company, its debtor, with which to pay appellant, and that the discount of the note was in fact for appellant, though indirectly so. The instruction ignores this evidence, and also ignores the evidence of ratification, namely, appellant's letter of July 29, 1902.  The court modified the instruction and gave it as modified, to which appellant excepted.  The instruction as modified and given by the court is as follows.

"The court instructs the jury that a president of a corporation by virtue of his office, as such president, has no authority to guarantee the payment in the name of the corporation of a promissory note, executed by a third person; but if the president of a corporation makes such guarantee and the corporation thereafter receives the benefit thereof, it would thereby ratify the act of its president. What the facts are, you must determine from the evidence."

The only objection of appellant's counsel to the modified instruction is:  "There is no evidence in the record that the appellant received any benefit from the alleged guaranty."  There certainly is evidence tending to prove that the guaranty was made for the purpose of enabling the maker of the note to pay its debt to appellant, and that, when the note was discounted, and the proceeds placed to the credit of the Columbia Telephone Manufacturing Company, that company gave to appellant a check for the money so credited to it, and this evidence is not contradicted by any of appellant's witnesses.  The objection to the modified instruction is untenable.

The judgment will be affirmed.  *Affirmed.*

Mr. Justice BROWN took no part in the decision of this case.