## GEORGE E. LLOYD & CO.

*v.*

## NELSON EDWARD MATTHEWS *et al.*

*Opinion filed October 23, 1906—Rehearing denied Dec. 5, 1906.*

1. CORPORATIONS—*when proof of authority to execute contract for corporation is unnecessary.* When a contract, properly executed for a corporation by its president, is such a contract as the corporation might lawfully make, proof of the execution by the president is all that is required, in the absence of proof showing want of authority to make the contract.

2. SAME—*when execution of guaranty is binding on corporation.* A guaranty executed for a corporation by its president upon a note payable to its order, which was discounted for its benefit and the proceeds received by it, is binding upon the corporation without proof of special authority from the corporation to its president to execute the guaranty.

3. BILLS AND NOTES—*distinction between liability of an endorser and a guarantor.* The liability of an unconditional guarantor of commercial paper becomes independent and fixed upon the failure of the principal to pay the money or perform the act guaranteed, while the liability of an endorser is conditional until the required statutory diligence has been shown.

4. SAME—*blank endorsement cannot be converted into a guaranty.* The holder of a promissory note endorsed in blank by the payee cannot write a contract of guaranty over the endorsement and rely upon parol proof to show that such was the agreement when the endorsement was made.

5. SAME—*when fact that guaranty was written after endorsement is immaterial.* Whether a special guaranty was written at the time the signature thereto was affixed, or afterwards, is immaterial, where there was a subsequent express ratification of the guaranty by the endorser.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. JOHN GIBBONS, Judge, presiding.

BANGS, WOOD & BANGS, for appellant:

It is against the policy of the law to allow one corporation to guarantee the payment of a promissory note of an-

other corporation. Such a contract is *ultra vires. Dobson*
v. *More,* 164 Ill. 110; *Kelley* v. *Varnish Co.* 90 Ill. App.
287; *Tool Co.* v. *Jones Manf. Co.* 91 id. 548; *Hotel Co.* v.
*Bank,* 86 Fed. Rep. 742; *Mining Co.* v. *Mill Co.* 67 id. 356.

Where the execution of a contract of guaranty is denied
by verified plea, special authority of the president to execute
such contract on behalf of the corporation must be shown.
*Hotel Co.* v. *Bank,* 86 Fed. Rep. 746; *Bank* v. *Warehouse
Co.* 116 N. Y. 292.

Waiver of protest, demand and notice of dishonor make
liability as full as that of a surety or guarantor. *Dunnigan*
v. *Stevens,* 122 Ill. 396.

Demand of payment and notice of non-payment is essen-
tial to make endorser liable. *Belford* v. *Bangs,* 15 Ill. App.
76; *Bond* v. *Bragg,* 17 Ill. 69; *Cook* v. *Rennick,* 19 id. 598;
Hurd's Stat. 1903, chap. 98, sec. 7.

Endorsement of a promissory note by the payee is a con-
tract in writing and cannot be varied by parol evidence.
*Hately* v. *Pike,* 162 Ill. 241.

An endorsement of guaranty made by the payee transfers
legal title, but the liability is that of the guarantor, and not
of the endorser. *Heaton* v. *Hulbert,* 3 Scam. 489; *Clayes*
v. *White,* 65 Ill. 357.

PECKHAM, SMITH, PACKARD & APMADOC, for appellees:

A corporation acts through its president, and an act per-
taining to the business of the corporation not clearly foreign
to the general power of the president, done through him,
will be presumed to have been authorized. *Typesetting Co.*
v. *Ranch Co.* 112 Ill. App. 309; *Glover* v. *Lee,* 140 Ill. 107;
*Snyder Bros.* v. *Bailey,* 165 id. 447; *Bank* v. *Griffin,* 168
id. 317.

It is immaterial whether words of guaranty are placed
on an instrument before or after signature. *Kaestner* v.
*Bank,* 170 Ill. 322; *Lennon* v. *Goodspeed,* 89 id. 440.

Mr. JUSTICE VICKERS delivered the opinion of the court:

Nelson E. Matthews and Clark H. Rice, banking partners, doing business at Ottawa, Ohio, brought an action of assumpsit against George E. Lloyd & Co., a corporation, on the endorsement and guaranty on the following promissory note:

"$1500.00                    OTTAWA, OHIO, *July 25, 1902.*
   "Sixty days after date, we, or either of us, promise to pay to the order of George E. Lloyd & Co. fifteen hundred dollars, payable at the banking house of Matthews & Rice, Ottawa, Ohio. Value received. If not paid at maturity to bear eight per cent interest from maturity.

COLUMBIA TELEPHONE MANF. CO.   (Seal.)
          By G. M. RISSER, *Prest.*   (Seal.)
          W. M. REES, *Secy.*   (Seal.)"

On the back of the note appears the following:

"Payment guaranteed; protest, demand and notice of non-payment waived.                    .

GEO. E. LLOYD & CO.
By E. C. Williams, *President.*"

To the declaration, which contained two special counts (one on the endorsement and one on the guaranty) and the common counts, appellees pleaded the general issue and a special plea, verified by affidavit, denying the execution of the guaranty. From a judgment for the face of the note in the circuit court of Cook county an appeal was prosecuted to the Appellate Court for the First District, where the judgment below was affirmed, and appellant prosecutes a further appeal to this court.

Since the judgment of the Appellate Court settles all the controverted questions of fact adversely to the contention of the appellant, we need only to consider the questions of law raised.

1. It is contended that even though it be conceded that George E. Lloyd & Co., by E. C. Williams, its president, signed the guaranty, still, as a matter of law, the corporation cannot be held liable without proof of special authority

from the corporation to its president to execute the contract of guaranty. A corporation can act only through its agents, and the president of a corporation, as the agent and corporate representative, has the power, in the ordinary course of business and in furtherance of the corporate interests, to execute contracts and to bind the company in so doing. He is, by virtue of his office, recognized as the business head of the company, and any contract pertaining to the corporate affairs, within the general powers of such officer, executed by the president on behalf of his corporation, will, in the absence of proof to the contrary, be presumed to have been done by authority of the corporation. (*Atwater* v. *American Exchange Nat. Bank,* 152 Ill. 605; *Bank of Minneapolis* v. *Griffin,* 168 id. 314; *Anderson* v. *South Chicago Brewing Co.* 173 id. 213; *Anderson Transfer Co.* v. *Fuller,* 174 id. 221; *Williams* v. *Harris,* 198 id. 501.) If the contract in question had been executed by some agent who ordinarily does not have the power to sign such instruments, and the execution had been put in issue by properly verified plea, as is the case here, then it would be necessary to go beyond the mere fact of the execution of the instrument and prove the authority of the agent to execute the same; but when the contract is properly executed for the corporation by its president and it is such a contract as the corporation might lawfully make, the proof of the execution by the president is all that is required, in the absence of any evidence to the contrary showing that the contract was not made by the authority of the corporation.

In support of its contention that special authority in the president to sign this guaranty must be shown, the appellant cites and relies upon *Dobson* v. *More,* 164 Ill. 110, *Park Hotel Co.* v. *Fourth Nat. Bank,* 86 Fed. Rep. 746, *National Park Bank* v. *German American Mutual Warehousing and Security Co.* 116 N. Y. 281, and some other cases of like character. Language can be found in these cases, and perhaps in others, which, when considered alone and disconnected

from the facts of the case wherein it is employed, seems to sustain the contention of appellant that in order to make a contract binding upon a corporation which has been executed by the company through its president, a resolution of the board of directors or a vote of the stockholders, or other special authority, must be shown where the execution of the instrument is put in issue by a verified plea. Upon a careful examination of these cases it will be found that they are clearly distinguishable from the case at bar, in that the president, in the execution of the contracts, was using the credit of the corporation to serve his own private interests or that of some third party. Thus, in *Dobson* v. *More, supra,* where the president and 'general manager had express authority "to sign notes, drafts and acceptances in the name of the company, and to make checks upon the company funds in bank for the payment of any proper indebtedness of the company," and the president, merely to aid another company to raise money, executed in behalf of his company a written guaranty on the note of another corporation, it was held, as against the holder of such note with notice of the facts, that the company could not be held liable on such guaranty, there being no authority whatever shown for the president to bind the company, as guarantor, for the indebtedness of another. The powers of a president to bind a corporation by contracts are limited to those matters concerning which the charters and by-laws and the statutes of the State authorize it to make contracts. In *Park Hotel Co.* v. *Fourth Nat. Bank,* 86 Fed. Rep. 746, where the president discounted a note for his own private benefit and endorsed by him in the name of the Park Hotel Company, of which he was president, and payable to himself, it was held that the corporation was not liable, and that the bank had notice, by the face of the note, that the president was exceeding his usual and ordinary powers in making a note to himself, and that in the absence of special authority from the corporation no recovery could be had. *National Park Bank* v. *Warehousing Co.* 116 N. Y.

281, is a case in all essential features like *Dobson* v. *More, supra,* and the same rule is applied.

Many other cases are to be found illustrating the doctrine announced in the decisions above referred to, but since this court in *Dobson* v. *More, supra,* has reviewed many of these cases and approved them, no necessity exists to discuss them further. The case at bar does not fall within the exception to the general rule recognized in these cases, but since the guaranty sued on was placed on the note of appellant and the note was discounted for its benefit and the proceeds thereof were remitted to appellant, the plainest principles of justice require that the company should be held bound by the act of its president without any proof of authority beyond that which must be presumed from the fact that the president in good faith and in the regular course of corporate business, and for the benefit of the corporation, executed the instrument sued on.

2. It is next contended by appellant that the court erred in giving instructions for the appellee. Instruction No. 2 is as follows:

"The court instructs the jury, as a matter of law, that it is immaterial whether the words of special guaranty are stamped or written on the back of a note above the signature of a guarantor at the time its signature is placed thereon, or afterwards, provided you believe, from the evidence, that the signature was in fact placed there for the purpose of guaranteeing the payment of the note, and the words as stamped or written are in accordance with such purpose."

The objection pointed out to this instruction is, that it ignores the question whether the contract of guaranty is *ultra vires,* and that it impliedly tells the jury that parol evidence can be heard to vary or alter an endorsement by the payee of a promissory note. There is no question in this case to which the doctrine of *ultra vires* can have any application. This objection needs no further consideration. The second objection is equally frivolous. The instruction says

nothing about the admissibility of parol evidence to alter or vary the terms of a blank endorsement by the payee of a promissory note. If this instruction is to be understood as laying down the law that the holder of a promissory note endorsed in blank by the payee can write out a contract of special guaranty over the signature of the endorser and rely on parol proof to establish that such was the agreement and understanding at the time of the endorsement, then the instruction is erroneous. There is a well defined distinction between the contract of an endorser and that of a guarantor of commercial paper. The liability of an unconditional guarantor becomes independent and fixed upon the failure of the principal party to pay the money or perform the act guaranteed, (*Holm* v. *Jamieson,* 173 Ill. 295,) while that of an endorser is conditional until the statutory diligence has been shown. (*Bledsoe* v. *Graves,* 4 Scam. 382; *Schuttler* v. *Piatt,* 12 Ill. 417; *Clayes* v. *White,* 83 id. 540.) In cases of a blank endorsement the owner of the note may fill out the formal assignment at any time before or at the trial; but this rule has never been so extended as to authorize the holder to write words of a special guaranty above a blank endorsement, thereby changing the contract from one of endorsement to one of guaranty. The instruction under consideration is inartificially drawn, but as applied to the facts in this case we do not think it was misleading. There was some conflict in the testimony as to whether the words above appellant's signature were placed there before it was signed or afterwards, but the evidence shows that after the signature was placed on the back of the note appellees wrote a letter to appellant, and also sent a telegram, asking if the endorsement on the note was satisfactory. In this correspondence appellees quoted the language of the guaranty, and received a reply from appellant that it was "perfectly satisfactory." This is an express ratification of the guaranty contract, and therefore it was, under the facts of this case, immaterial whether the words constituting the guar-

anty were on the note at the time of the signing or were placed there afterwards, since the appellant fully ratified the guaranty contract after it had a copy of it.    Under these circumstances instruction No. 2 was harmless.

Errors complained of in giving other instructions and in refusing instructions asked by appellant have been carefully considered, and we see no error in any of the rulings of the court for which judgment should be reversed.

The judgment of the Appellate Court is therefore affirmed.
                                               *Judgment affirmed.*