[Civ. No. 1169.   First Appellate District.—February 28, 1913.]

## JOHN S. REARDON, Respondent, v. RICHMOND LAND COMPANY (a Corporation), Appellant.

ACTION FOR SERVICES—AUDITING BOOKS OF CORPORATION—DENIAL OF NONSUIT—REVIEW OF EVIDENCE ON APPEAL.—On appeal taken in an action for services rendered in auditing the books of the defendant corporation, evidence developed on cross-examination of the defendant may be considered with evidence of the plaintiff for the purpose of ascertaining whether the evidence sustains the findings and judgment, notwithstanding the defendant's motion for a nonsuit was erroneously denied.

ID.—AUTHORITY TO CONTRACT FOR SERVICES.—Proof that the services were rendered to and accepted by the corporation, with the knowledge and consent of its president, apparently in the ordinary course and conduct of its business, is sufficient evidence of his authority to contract for the services.

ID.—VALUE OF SERVICES—EXPERT TESTIMONY.—An objection to the opinion of an expert accountant upon the value of the services that it is not founded on all the facts of the case goes to the weight of his evidence rather than to its competency and materiality.

ID.—COMPETENCY OF EXPERT WITNESS—WHEN CONCEDED.—Where the testimony of the accountant is objected to because immaterial, irrelevant, and incompetent, but no objection to his competency is made, it is conceded that he is an expert upon the value of the services.

ID.—EXAMINATION OF WITNESS—QUESTION CALLING FOR CONCLUSION.—An objection to a question to a witness, calling for his conclusion as to whether the contract sued on had been entered into, is properly sustained.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco and from an order refusing a new trial.   J. M. Seawell, Judge.

The facts are stated in the opinion of the court.

Denson, Cooley & Denson, for Appellant.

Cullinan & Hickey, for Respondent.

LENNON, P. J.—The plaintiff in this action sued for and obtained judgment against the defendant in the sum of seven hundred dollars, which was found by the trial court to be

the reasonable value of services rendered by the plaintiff in auditing the books of the defendant. These services were alleged to have been rendered at the special instance and request of the defendant. This allegation was also found by the trial court to be true.

In support of its appeal from the judgment and from an order denying a new trial the defendant insists that its motion for nonsuit should have been granted, and at the same time assails the sufficiency of the evidence to support the finding that the services sued for were rendered at the special instance and request of the defendant.

The plaintiff's evidence on this phase of the case is largely circumstantial, but when considered in its entirety it is sufficient we think to warrant the inference that the plaintiff performed the services in suit with the knowledge and tacit consent of the defendant. In addition to this the record reveals some evidence which tended to show that the plaintiff was to be compensated for his services by the defendant. Although the latter evidence was developed through the cross-examination of the president of the defendant, it may nevertheless be considered in conjunction with the evidence of the plaintiff for the purpose of ascertaining whether or not the evidence supports the findings and judgment. This being so it is obvious that the evidence upon the whole case is amply sufficient to support the finding complained of. Assuming, without conceding, that the defendant's motion for nonsuit should have been granted at the close of the plaintiff's case, the error, if any, in this behalf was cured by the evidence developed upon the defendant's case which enured to the plaintiff's benefit, and perfected the proof of his case. (*Russell* v. *Pacific Can Co.*, 116 Cal. 527, [48 Pac. 616].)

In addition to the foregoing the point is made that the plaintiff's evidence failed to show that the president of the defendant was authorized by resolution of its board of directors to contract for the services of plaintiff. There is no merit in this contention. The services sued for were rendered to and accepted by the defendant, with the knowledge and consent of its president apparently in the ordinary course and conduct of its business. This was sufficient evidence of the authority of the president of the corporation to contract

for the services in question.   (*Crowley* v. *Genesee Mining Co.,* 55 Cal. 273:*)*

Error is assigned upon a ruling of the trial court admitting, over the objection of the defendant, the testimony of a public accountant, who gave his opinion, based upon a hypothetical question, of the reasonable value of the plaintiff's services.   This testimony was objected to upon the ground that no foundation had been laid for it, and that it was immaterial, irrelevant, and incompetent.   This objection was properly overruled.   No objection was made to the competency of the witness, and therefore it was conceded that he was an expert upon the value of the services of an accountant.   The point now made that his opinion was not founded upon all of the facts of the case goes to the weight of his evidence rather than to its competency and materiality.

The remaining assignment of error, based upon another ruling of the trial court, is equally without merit.   The ruling complained of sustained an objection to a question which clearly called for the conclusion of the witness as to whether or not the contract sued on had been entered into by the plaintiff and defendant.   The witness under examination had narrated the facts and circumstances of the transaction as he understood them; and then it was for the court, and not the witness, to say whether or not such transaction constituted the contract sued on.

The judgment and order appealed from are affirmed.

Hall, J., and Murphey, J., *pro tem.,* concurred.