[S. F. No. 8397. In Bank.—November 15, 1919.]

JOHN GRUMMET, Appellant, v. FRESNO GLAZED CEMENT PIPE COMPANY (a Corporation), Respondent.

[1] NONSUIT—LAW GOVERNING MOTIONS.—A motion for nonsuit assumes as true every fact which the evidence and presumptions fairly deducible therefrom tend to prove, and which was essential to entitle the plaintiff to recover. On such motion the evidence must be taken most strongly against the defendant. Contradictory evidence must be disregarded and the motion denied if there is any substantial evidence tending to prove plaintiff's case without passing on the sufficiency of such evidence. The rules as to a nonsuit are the same whether the trial is by the court or by a jury.

[2] CORPORATIONS—EMPLOYMENT OF ASSISTANT MANAGER—ACTION FOR SERVICES—EVIDENCE—SPECIAL AUTHORIZATION OF DIRECTORS—MATTER OF DEFENSE.—In an action upon contract for an alleged balance due for services as assistant manager of a corporation, it was not necessary for the plaintiff in order to make out a *prima facie* case to prove that his employment had been specially authorized by the board of directors, or that the president and manager in employing plaintiff had acted on the advice of the directors, since the question of special authorization was properly a matter of defense.

[3] ID.—PROOF OF CONTRACT OF EMPLOYMENT—IMPROPER NONSUIT.— Where in such action there was substantial evidence that the plaintiff had been engaged by the president and manager of the corporation, that he performed services for the corporation, that the employment continued for nearly two years, that plaintiff's name appeared as assistant manager in the advertising of the corporation and that the books of the corporation showed that he received a fixed compensation for his services, the motion for a nonsuit at the close of plaintiff's case based on the ground that plaintiff had not made out a *prima facie* case of employment, should have been denied.

[4] ID.—CONTRACT EXECUTED BY PRESIDENT OF CORPORATION—PRESUMPTION AS TO AUTHORITY.—Any contract pertaining to corporate affairs, executed by the president of a corporation on its behalf, within his general powers, will, in the absence of proof to the contrary, be presumed to have been done by the authority of the corporation.

APPEAL from a judgment of the Superior Court of Fresno County. George E. Church, Judge. Reversed.

The facts are stated in the opinion of the court.

A. W. Carlson and W. P. Thompson for Appellant.

J. E. Light for Respondent.

LAWLOR, J.—This is an appeal from a judgment of nonsuit in an action upon contract brought by the plaintiff against the defendant corporation for a balance of $2,340, alleged to be due the plaintiff as salary under a contract of hire, it being alleged that he was employed by the said corporation through H. H. Backer, the president and manager thereof, in the capacity of assistant manager, at a salary of $150 per month.

From the record before us it appears that plaintiff's salary was to begin on September 1, 1914, and continue until he was discharged, or he resigned; that he entered upon his duties as assistant manager of said defendant corporation in the month of August, 1914, and continued until May 10, 1916; that plaintiff was never discharged from said employment; that at one time while acting as secretary *pro tem.* of the corporation he tendered his resignation, which was not accepted; that, according to the bill of particulars which was stipulated into the record in lieu of the books of account, the plaintiff was credited with salary at the rate of $150 per month from September 1, 1914, to May 10, 1916—a total of $3,050—on account of which there 'was paid to the plaintiff in varying sums a total of $710, leaving a balance due of $2,340.

At the close of plaintiff's case the defendant corporation made a motion for nonsuit. The motion was granted on the ground that the plaintiff had not made out a *prima facie* case because he had not shown that the president and manager of the defendant corporation was specially authorized by the board of directors to make the contract of employment sued on herein. On appeal the respondent argues that plaintiff failed to show that the said president and manager had acted upon the advice of the board of directors as provided in section 8 of the by-laws. Section 8 reads as follows:

"The board of directors at the regular meeting shall elect one of their number president. The president, or, in his absence, the director appointed as above provided has these powers:

"Under 3 (b). Shall call the directors together whenever he deems it necessary *and shall, subject to the advice of the directors, have direction of the affairs of the corporation,* and shall discharge such other duties as may be required by the by-laws." (Italics ours.)

On the other hand, the appellant contends "that he could, and did, make out a *prima facie* case without proving either of these things, and that such proofs were not necessary to make out his case in the first instance." The one question to be decided on this appeal is, Was the motion for a nonsuit properly granted?

The law governing motions for nonsuit is well settled in this state. In *Marron* v. *Marron,* 19 Cal. App. 328, [125 Pac. 914], it was said:

[1]   "A motion for nonsuit assumes as true every fact which the evidence, and presumptions fairly deducible therefrom, tend to prove, and which was essential to entitle the plaintiff to recover. (*Estate of Arnold,* 147 Cal. 583, [82 Pac. 252].)   On such motion the evidence must be taken most strongly against the defendant.   Contradictory evidence must be disregarded (*In re Daly,* 15 Cal. App. 329, [114 Pac. 787]), and the motion denied if there is any substantial evidence tending to prove plaintiff's case without passing on the sufficiency of such evidence. (*Zilmer* v. *Gerichten,* 111 Cal. 73, [43 Pac. 408] ; *Vermont Co.* v. *Declez,* 135 Cal. 579, [87 Am. St. Rep. 143, 56 L. R. A. 728, 67 Pac. 1057].)   The rules as to a nonsuit are the same, whether the trial is by the court or by a jury. (*Freese* v. *Hibernia S. & L. Soc.,* 139 Cal. 394, [73 Pac. 172].)"

[2]   It is clear from the above authorities that it was not necessary for the appellant in order to make out a *prima facie* case to prove that his employment had been specially authorized by the board of directors, or that the president and manager had acted on "the advice of the directors" when he employed the appellant.   There was "substantial evidence tending to prove plaintiff's case," for it appears in evidence from the testimony of plaintiff, witnesses George C. Thomas, bookkeeper; Reginald V. Smith, who succeeded Thomas as bookkeeper; J. E. West, secretary, and defendant H. H. Backer, president and manager, that the plaintiff had been engaged by the president and manager of the corporation; that he performed services for the corporation; that the employment continued for nearly two years; that plaintiff's name appeared as assistant manager in the advertising of the defendant corporation, and that the books of the corporation showed that he received a fixed compensation for his services, $710 of which had been paid him, the balance of $2,340, standing credited to his account on the books.   [3]   Upon this showing the motion for a nonsuit should have been denied.   In the determination of such a motion the trial court is not to pass on the full effect of such evidence or consider contradictory evidence, but simply

to decide whether the evidence on its face substantially tends to establish the cause of action. We think the plain tendency of the evidence before the trial court was to establish a contract of employment between the appellant and the respondent. The question of special authorization being properly a matter of defense was not a necessary element in making out a *prima facie* case. Referring to the power of the president of a corporation to make contracts, it was said in *Skinner Mfg. Co.* v. *Douville,* 54 Fla. 251, [44 South. 1014] : "It is argued that the president of the corporation was not shown to have the power to make a contract for the sale of the property and therefore no authority to make a contract for commissions. Any unusual restrictions in the charter powers of the corporation are within its peculiar knowledge rather than in the knowledge of the other party and were therefore defensive matter."

From the evidence before the trial court it is to be presumed that the president and manager of the defendant corporation acted within the scope of his authority when he made the contract of employment with appellant. (Code Civ. Proc., subd. 20, sec. 1963; *Reardon* v. *Richmond Land Co.,* 21 Cal. App. 358, [131 Pac. 894] ; *Lloyd* v. *Matthews,* 223 Ill. 477, [114 Am. St. Rep. 346, 7 L. R. A. (N. S.) 376, 79 N. E. 172] ; *Skinner Mfg. Co.* v. *Douville, supra; Patterson* v. *Robinson,* 116 N. Y. 193, [22 N. E. 372].) In *Lloyd* v. *Matthews, supra,* it was said: "A corporation can act only through its agents, and the president of a corporation, as the agent and corporate representative, has the power, in the ordinary course of business, and in furtherance of the corporate interests, to execute contracts and to bind the company in so doing. [4] He is, by virtue of his office, recognized as the business head of the company, and any contract pertaining to the corporate affairs, within the general powers of such officer, executed by the president on behalf of his corporation, will, in the absence of proof to the contrary, be presumed to have been done by authority of the corporation." (Citing cases.) It was stated in *Reardon* v. *Richmond Land Co., supra:* "The point is made that the plaintiff's evidence failed to show that the president of the defendant was authorized by resolution of its board of directors to contract for the services of plaintiff. There is no merit in this contention. The services sued for were

rendered to and accepted by the defendant, with the knowledge and consent of its president, apparently in the ordinary course and conduct of its business. This was sufficient evidence of the authority of the president of the corporation to contract for the services in question." (See, also, *Crowley* v. *Genesee Mining Co.*, 55 Cal. 276.) It is clear that it did not rest upon the plaintiff to show a special authorization of its board of directors, or that the president acted upon the advice of the board, in order to make out a *prima facie* case. (*Newton* v. *Johnston Organ etc. Co.*, 180 Cal. 185, [180 Pac. 7].)

Judgment reversed.

Shaw, J., Olney, J., Wilbur, J., Melvin, J., and Angellotti, C. J., concurred.