[Civ. No. 5935. Second Appellate District, Division Two.—May 21, 1930.]

GUY B. DAVIS, Respondent, v. FANNY BRIGGS CARR, INC. (a Corporation), Appellant.

L. V. Beaulieu for Appellant.

Warner I. Praul for Respondent.

CRAIG, Acting P. J.—In an action for salary alleged to have been earned by the plaintiff in the defendant's employment, judgment was rendered in his favor, and this is an appeal therefrom.

It appears that the respondent, while in the service of one Fanny Briggs Carr, assisted in the incorporation of her business, and became one of its three directors, and thereafter until March 1, 1926, performed the duties of general manager, secretary and treasurer and bookkeeper. He testified that up until December 31, 1925, he was employed at an agreed salary of $300 per month, and that thereafter his compensation was $200 per month, which he personally entered upon the books, but that he received only portions of his earnings, as needed, leaving at the time suit was filed an aggregate unpaid balance which the trial court found to be the sum of $1334.60.

The minutes of directors' meetings are silent as to respondent's employment, and the appellant assigns this fact as a ground for the claim that evidence thereof was inadmissible and that it was error upon the part of the trial court to find that a legal contract of such employment existed for which compensation could be allowed. It is incidentally

asserted that he was a member of the firm, and that there had at first been an understanding that he should receive corporate stock for services rendered. However, it is admitted that the stock was canceled, and that all of the business, goodwill and capital stock was owned by Fanny Briggs Carr is not denied. It appears that the sole purpose of incorporating was for the continuance and expansion of her business. She and respondent discussed the subject of salary prior to and succeeding the date of incorporation. At a directors' meeting in January, 1926, he presented a stated account of the items of unpaid salary, at the rate of $300 per month, and it was then agreed that for services to be rendered · in the future he should receive but $200 per month. Appellant seeks to rely upon provisions of the Civil Code requiring the affirmance of contracts with corporations by action of the directors, and insists that a vote of that body was requisite to legal employment of the respondent. But it was positively testified that all of the business, including his services, was following incorporation maintained as before, and in accordance with an express oral agreement with Mrs. Carr in person; that the full board were present when he presented his statement and consented to a reduction in salary, and that said statement was so presented to her as president, to which she made no objection. Since the president of the corporation was sole owner of the business whose corporate form constituted a difference in name only of a continuing enterprise, we think the evidence ample to justify rendition of the judgment against the corporation. (*Reardon* v. *Richmond Land Co.*, 21 Cal. App. 357 [131 Pac. 894] ; *Wenban Estate, Inc.*, v. *Hewlett*, 193 Cal. 675 [227 Pac. 723].)

█ The only remaining point urged requiring serious attention is that the books were inadmissible for the reason that respondent had made the entries therein, and hence that they were self-serving. It is not contended that they were private memoranda, that they were inaccurate, or made otherwise than in respondent's regular line of duty, in the course of business. That such entries were but a part of the general bookkeeping system of which respondent had entire charge, and represented debits and credits among numerous similar transactions involving services of all employees, is apparent from portions of the books em-

braced in the record before us. It was also testified that Mrs. Carr had inspected the books at various times, and that she had never questioned them in this respect. There is no merit in this contention.

The judgment is affirmed.

Thompson (Ira F.), J., and Gates, J., *pro tem.*, concurred.