[Civil No. 1558.   Filed November 8, 1917.]

[168 Pac. 506.]

EUGENE S. IVES, Appellant, v GUNTHER R. LESSING, Appellee.

1. ATTORNEY AND CLIENT—ACTION FOR FEE—BURDEN OF PROOF.—A suit being for the reasonable value of plaintiff's services as an attorney, it was incumbent upon him to show what services he had performed for the defendant.

    [As to right of an attorney to recover compensation, see note in 127 Am. St. Rep. 841.]

2. EVIDENCE — HEARSAY — SELF-SERVING DECLARATIONS. — In suit to recover attorney's fees on *quantum meruit* for services of a preparatory nature after preliminary hearing, conversations had with the United States district attorney in the absence of defendant, not being for the purpose of stipulating evidence or continuance, were hearsay and self-serving, and properly rejected.

APPEAL from a judgment of the Superior Court of the county of Pima. Wm. F. Cooper, Judge. Affirmed.

Mr. Eugene S. Ives and Mr. S. L. Kingan, for Appellant.

Mr. Frank E. Curley, for Appellee

ROSS, J.—This is an action in two counts by Ives against Lessing, one for attorney's fee on *quantum meruit* basis and the other for money paid out for the use and benefit of defendant. From the verdict and judgment against him on the count for attorney's fee, plaintiff appeals. He assigns one error, and that is, the court erred in the rejection of certain evidence offered by him in support of his cause of action.

The employment concerned the defense of Manuel Gonzales and Arturo Ponce, charged with smuggling six bars of bullion across the Mexican line into Arizona, and for services to recover the bullion and prevent it from being confiscated by the government. At the time of plaintiff's employment, Gonzales and Ponce had been held, after preliminary examination, on $2,500 bail each, to appear before the United States grand jury. The first thing that plaintiff did after his employment was to visit the United States district attorney and secure that official's recommendation to the United States court commissioner that the bail be reduced from $2,500 each to $2,000 each. He was present when the defendant deposited with the court commissioner $4,000 in cash as bail, $2,000 in each case, and at the same time and place received from defendant $350, which he applied as part of his fee for services rendered. Whatever services the plaintiff thereafter rendered under the terms of his employment were of a preparatory nature, and consisted, according to his own evidence, of conversations that he held with the United States district attorney. It was the court's refusal to permit the plaintiff to detail these conversations with the district attorney and the refusal to permit the district attorney to detail what he said to the plaintiff in such conversations that is now complained of as error. It is contended that just what was said by the plaintiff and the district attorney to each other should have gone to the jury as showing, or tending to show, what services were rendered by plaintiff. In urging the admissibility of such evidence to the trial court, the counsel for plaintiff said:

"We think we have a right, where the services consisted of saying certain things, to show what was said."

XIX Ariz.—14

This offered testimony was rejected.    The defendant, in his answer, admits that he employed the plaintiff, but alleges that in doing so he was acting as the attorney and agent of the said Gonzales and Ponce, and as such he paid plaintiff $350 in full settlement and satisfaction for all services rendered. The issue was resolved by the jury in favor of defendant.

The suit being for the reasonable value of the plaintiff's services, it was of course incumbent upon the plaintiff to show just what services he had performed for the defendant. It is said in one case:

"The principles of law applicable to claims of attorneys for services are not different from those applicable to claims of surveyors, or mechanics, or farmers.    The claimants are to receive a reasonable compensation for that which they do or furnish under their contract.    No other payment is required or can be enforced." *Blair* v. *Columbian Fireproofing Co.,* 191 Mass. 333, 77 N. E. 762.

Under this rule, the kind and character of service the plaintiff rendered and the amount of time he devoted to it and his accomplishments were important factors, and of course should be shown.    The plaintiff lays no claim to compensation for trial services or court work.    It is all for preparatory services, and those consisted of conversations with the opposing counsel.    Now, it is hardly conceivable how a defense to a criminal case can be prepared or aided by seeing and conversing with the prosecuting officer whose duties and functions require him to sustain the people's case.    He could not if he would, under his oath, minimize the chances of conviction by omission or neglect of duty, nor could he hold out any hopes of leniency, that being the court's province.    Real accomplishments or *bona fide* efforts by interviews with the district attorney, such as stipulating evidence, or continuances, it may be conceded, would be proper evidence of service, but the offer was not of such.    What the plaintiff said to the district attorney or what the district attorney said to the plaintiff, in the absence of the defendant, was hearsay and obnoxious to the general rule prohibiting hearsay testimony. It is also self-serving, and for that reason was properly rejected.    Jones on Commentaries on Evidence, Vol. II, § 235a.

The judgment of the lower court is affirmed.

FRANKLIN, C. J., and CUNNINGHAM, J., concur.