### In re BARCELOUX.
### No. 2324.

District Court, N. D. California, N. D.
Oct. 14, 1933.

Devlin, Devlin & Diepenbrock, of Sacramento, Cal., for trustee.

John Ralph Wilson and Newmark & Strong, all of San Francisco, Cal., for Maryland Casualty Co.

ST. SURE, District Judge.

Review of an order of the referee allowing attorneys for the trustee the sum of $25,000 for services, upon petition of the Maryland Casualty Company, a corporation, creditor.

The firm of Devlin & Devlin, consisting of Robert T. Devlin, William H. Devlin, and Arthur S. Devlin, were, on March 16, 1927, employed and appointed attorneys for the trustee, and said attorneys still are acting in such capacity. Said attorneys petitioned the court for allowance of fees in the sum of $55,000, apportioned as follows: $2,750 for services in connection with the administration of the estate; 40 per cent. of $125,000, the sum recovered in what is known as equity suit No. 263 for extraordinary services; $2,250 for services in equity suit No. 267. After hearing, the referee allowed the sum of $25,000 on account.

It is objected that the fee is excessive, and that George R. Freeman, one of the attorneys employed by Devlin & Devlin, "has fraudulently concealed from the trustee herein and from the Bankruptcy Court the receipt of large sums of money which should be credited on the claim presented herein by the estate of Frank R. Freeman, deceased, represented by said George R. Freeman as executor."

The Freeman claim is for $59,700, to which objections were filed by the Maryland Casualty Company, a hearing was had before the referee, and decision is pending. This claim, its allowance or rejection, is in no way involved in the matter of the fee allowed to attorneys for the trustee. It is true that in the petition for fees Devlin & Devlin also asked for "fees and compensation" for George R. Freeman and Horace B. Wulff, "attorneys associated with said firm." But the referee made it quite plain during the hearing that he understood the situation when he said, "I am allowing only one fee for the attorneys for the trustee, and I can recognize only the attorney for the trustee." Devlin & Devlin were and are the attorneys for the trustee, and to them only could a fee be allowed. Any expense incurred by Devlin & Devlin for legal assistance in the premises is not a charge against the bankrupt's estate, and this court is not concerned as to arrangements Devlin & Devlin may have made for the payment for such legal assistance.

In allowing the fee, the referee disregarded the application of the attorneys for compensation for specific services, and made an allowance of 20 per cent. of $125,000, the amount actually recovered for the bankrupt's estate, and without which there would have been an estate to administer of the appraised value of only $664.88. The referee gives the following reasons for making the allowance:

"When the adjudication was made the schedule showed assets of approximately $616. Investigation of the records of Glenn and Colusa counties and the facts surrounding the transfer by the bankrupt of various property to the value of some $200,000 was necessary, and at the time of the application for discharge opposition was filed. Hearing was had before the Referee and the matter was submitted upon briefs with a stipulation that the discharge matter would not be determined until after all litigation was ended. This time has not yet arrived.

"During these proceedings it became necessary for the trustee to appear in a series of actions, to-wit:

"1. Schluer vs. Buffum: Superior Court of Glenn County to recover practically all of the property then found in possession of the bankrupt, approximately $616. Action was successfully defended.

"2. Ostrom vs. Superior Court of Glenn County; Pacific Savings & Loan Company vs. Ostrom; Los Angeles Trust & Savings Bank vs. Barceloux, et al.; Sommerstrom Investment Co. vs. Barceloux; Superior Court of Glenn County, all actions to quiet title in which the trustee was defeated.

"3. Buffum vs. Peter Barceloux Company: United States District Court, an action to recover usurious interest. Action tried and submitted on briefs and judgment rendered in favor of defendant.

"4. Buffum vs. George A. Barceloux and Cora Gelinas: United States District Court,

a stockholders' suit which is now pending on motion to dismiss.

"5. Lumina Barceloux vs. Buffum: United States District Court, intervention in Equity 263, in which judgment was rendered by the District Court in favor of the Trustee; appealed to the Circuit Court of Appeals and the order of the District Court was affirmed.

"6. Elmer Barceloux vs. Buffum: United States District Court, intervention suit in Equity 263, heard and briefed on motion to dismiss complaint. District Court ordered dismissal.

"7. Peter Barceloux vs. Buffum: Superior Court of Glenn County. Suit to quiet title and judgment rendered in favor of trustee.

"8. Maryland Casualty Company vs. Buffum: United States District Court injunction suit restraining collection of Barceloux judgment; dismissed on motion of trustee.

"The main work done by the attorneys for the trustee was the starting of two proceedings in the United States District Court to set aside the transfer of property, Equity 263, Buffum vs. Peter Barceloux Company, and the other an action against Cora Gelinas, a sister of the bankrupt, which is not to be considered in this order for an allowance of attorney fees. This latter action is now pending before the Circuit Court of Appeals. Equity 263 was a suit for fraudulent conveyance, started April 3, 1928, heard before Judge Bourquin March 11th and 12th, 1929, and resulted, after having been referred to a special master to determine values, in a final judgment for $106,-409.44 on September 18, 1930. An appeal was had to the Circuit Court of Appeals, case was briefed and argued, and upon argument the Court ordered additional briefs; submission was reopened upon additional briefs and argument and the decision of the District Court reversed. A rehearing was applied for and denied and then a petition for a writ of certiorari was filed with the Supreme Court, which was granted. The matter was briefed before the United States Supreme Court, and the case necessitated a trip to Washington on the part of the attorney for oral argument. The matter was decided by the Supreme Court in favor of the trustee on April 10, 1933, Buffum v. Peter Barceloux Co., 289 U. S. 227, 53 S. Ct. 539, 77 L. Ed. 1140, 22 A. B. R. (N. S.) 596, as a result of which $125,000 in cash has been collected and deposited in the depositary here.

"In the prosecution of the case through the various stages, according to the report of counsel for the trustee, fifteen typewritten or printed briefs containing a total number of 710 pages were prepared; counsel have been required to defray their own expenses, printing of briefs, court costs, etc., after the entry of the final decree in the Barceloux case, and the sum of approximately $4,500 was expended by them, which would have been lost if the case had not been won. The time necessarily consumed in the entire matter covered by the petition for attorney fees was approximately nine hundred full days. The costs of taking testimony in my court alone ran up to about $850.

"It is apparent that any litigation of this sort would necessarily have to be handled skillfully, and it is self-evident that such skill has been employed, with the result that the trustee has been successful in recovering the full amount claimed, to-wit, $125,000.

"Although this was a bankruptcy case, it resolved itself in effect into a contingency case, in that the attorneys who undertook the litigation risked their time and their $4,500 on success. Had the decision of the Circuit Court of Appeals been affirmed, Devlin & Devlin would have received nothing for their services and would have been out $4,500. Had the trustee been satisfied with the debtor's schedule, the creditors would have received nothing of much value. By the employment of skillful attorneys, who had sufficient money which they were willing to risk, litigation was started which resulted in the recovery of a very large sum of money, which, even after the payment of substantial fees to the attorneys for the trustee, will pay a considerable portion of the claims against the estate.

"There still remains a case before the Circuit Court of Appeals which, if entirely successful, will recover approximately $60,-000. This sum, with money on hand, will allow the payment of all claims filed against the estate in an amount of nearly 100%.

"In fixing the fee on account of the attorneys for the trustee, I considered all of the factors above mentioned, and particularly the results accomplished, and allowed what would figure about twenty per cent of the total recovery in a contingent case. Such an allowance is well within the usual contingency fees allowed or agreed upon between parties, and I consider that the allowance made is a reasonable one."

In determining reasonable compensation in a case such as this, there is to be considered the character, ability, and experience of the attorneys, the amount involved, the time consumed in dealing with matters of the estate, the difficulty and intricacy of legal propositions to be determined, the skill employed, the responsibility and risk of the attorneys where, as here, costs and expenses of litigation were advanced, and especially the results attained. The results attained here show that the attorneys for the trustee were not only able and skillful, but met every requirement necessary for the successful conduct of the legal matters appertaining to the bankruptcy estate. As observed by Judge Woolsey in Re Osofsky et al. (D. C.) 50 F.(2d) 925, 927, "when the efforts of attorneys cause a material increase in the bankruptcy estate, or, as here, create it, they should be well rewarded."

The order of the referee allowing compensation will be modified by making the payment of one fee of $25,000 on account to Devlin & Devlin, instead of to Devlin & Devlin, George R. Freeman, and Horace B. Wulff, and, with such modification, it will be confirmed.