[Civ. No. 10140. First Appellate District, Division One.—September 16, 1936.]

L. MATTHIESEN, Respondent, v. BERNARD E. SMITH, Appellant.

G. Harold Janeway, Jesse H. Steinhart and John J. Goldberg for Appellant.

Young, Hudson & Rabinowitz for Respondent.

TYLER, P. J.—Action to recover the reasonable value of legal services. The services were rendered by plaintiff's assignors, McKinstry, Haber & Coombes, practicing attorneys in San Francisco, in bringing suit and collecting in full both principal and interest on six promissory notes in the amount of $171,358.08, the payment of which had been refused by the maker on demand of the payee for whom plaintiff's assignors instituted suit. The case was tried before a jury which awarded plaintiff the sum of $12,500, inclusive of court costs of $74.83 which had been paid by defendant on demand, leaving a balance of $12,425.17, for which amount the jury unanimously awarded plaintiff a verdict herein.

It is appellant's contention on this appeal that the amount so awarded is grossly excessive—so much so as to shock the conscience—having in mind the character of the services required and rendered, the responsibility assumed by the attorneys, the simplicity of the issues involved, the time and effort devoted by the attorneys to the case, the fact that the notes were paid in full before trial, that the merits of the defense were never ruled upon by the court, and that the services were not rendered on a contingent basis, but for a client financially responsible.

The facts show that in the year 1933 Bernard E. Smith was the owner of the six promissory notes made by Treadwell-Yukon Company, a corporation. He placed the notes with the Anglo-California National Bank of San Francisco for collection, with instructions that if they were not paid they should be turned over to an attorney for collection. Upon presentation payment upon the notes was refused and the bank then instructed one of its attorneys, Joseph Haber, Jr., to sue and attach and press the case to judgment as promptly as possible. Mr. Haber prepared the complaint on the notes, filed the same and procured a levy of attachment. About six weeks thereafter the defendant's answer was filed. The answer admitted the execution of the notes and the nonpayment thereof, but alleged that Smith had agreed that their payment was to be deferred to certain other indebtedness of the corporation which had not yet been paid. It was not alleged that this agreement was in writing. Mr. Haber filed a general demurrer to the answer and a motion

to strike, based upon the proposition that the alleged subordination agreement was an attempt to vary the terms of the notes and was not stated to be in writing. The demurrer was sustained. Subsequently Mr. Haber took the depositions of Smith and one G. A. Norris, secretary of the Yukon company, from which it appeared that the alleged subordination agreement had never been agreed to by Smith. Notwithstanding this showing defendant subsequently filed an amended answer alleging a written agreement to defer the Smith loan to other debts of the corporation, but the answer did not set out the terms of the agreement *in haec verba* or in substance. This answer was demurred to and the demurrer sustained. Defendant thereupon filed a second amended answer and it set forth that the subordination agreement consisted of a resolution of defendant's board of directors. Thereupon the case was set for trial. Defendant then paid the notes in full, the principal and interest amounting, as heretofore stated, to the sum of $171,358.08. Mr. Haber thereupon presented Smith a bill for services rendered in the sum of $12,500, including costs of $74.83. Smith paid the costs, but claimed the charge for services exorbitant, and the present action followed.

The main contention of appellant, as above indicated, is that the judgment is excessive as a matter of law. In support thereof it is urged that the jury was guided by the amount involved and disregarded other essential elements necessarily to be considered in determining the reasonableness of an attorney's fee, such as the simplicity of the action, the principles of law involved in the case and that the amount was paid without a trial. The appeal is devoid of merit. In order to prove the reasonable value of the services rendered, Mr. Haber testified in detail as to their character. Plaintiff then produced three expert witnesses: Messrs. Walter Linforth, John L. McNab and Morse Erskine. Each was asked a lengthy hypothetical question embracing in detail the services rendered. Mr. Linforth estimated the services to be of the value of $20,000, Mr. McNab placed them at ten per cent of the amount recovered, or over $17,000, and Mr. Erskine at $17,000. The defendant introduced no testimony whatsoever as to what was a reasonable fee for the services. It cannot be disputed, therefore, that there is evidence to support the verdict, for the estimate of the value

of the services was in the opinion of all the experts greater than the amount of the verdict. Defendant claims, however, that this court should reject this evidence and conclude the amount to be excessive as a matter of law. This is not our function. The question of the evidence is limited to the single inquiry whether there is substantial evidence supporting the verdict. That there is such evidence there can be no question. Nor does the amount shock the conscience. Under the circumstances the issue of the reasonable value of the services has been closed by the finding of the jury. (*Stuart* v. *Preston*, 2 Cal. App. (2d) 310 [38 Pac. (2d) 155]; *Grass* v. *Rindge Co.*, 84 Cal. App. 750 [258 Pac. 673].)

█ Appellant further contends that the hypothetical question omitted certain letters bearing on the case, for which reason it is claimed the expert testimony has no probative force. These letters had reference, so it is claimed, to the subject of the priority of payment of other loans to the loans made by plaintiff involved in the Smith-Yukon company action, and should have been included in the hypothetical question addressed to the experts, as they indicated that the question of priority had been fully disposed of thereby, and the question had nothing to do with the value of the legal services performed. While it appears that these letters did not foreclose the question, no objection was made to the hypothetical question upon this ground, and two of the experts were not cross-examined upon the subject. The cross-examination of Mr. Erskine, however, was directed to a consideration of all the correspondence had between the parties upon the subject. It is a well-settled rule that a party cannot urge, for the first time on appeal, objections which could have been obviated if made in the court below. This rule applies to expert testimony. (*Howland* v. *Oakland C. St. Ry. Co.*, 110 Cal. 513 [42 Pac. 983].) █ Then again, hypothetical questions may be framed either upon all the facts or upon any part thereof. An opinion not founded on all of the facts in the case goes to the weight of the evidence and not to its competency or materiality. (*McCollum* v. *Barr,* 38 Cal. App. 411 [176 Pac. 463]; *Reardon* v. *Richmond Land Co.*, 21 Cal. App. 357 [131 Pac. 894].)

In conclusion it may be said that in the absence of a contract attorneys are entitled to receive what they deserve for their services. The amount of their compensation must vary with the place in which their services are rendered, for the same services are of more value in a large city than in a small community. The standing of the lawyer who renders them must be taken into consideration as must also the importance of the matters involved in the litigation, the amount involved and the result attained. It is evident that the responsibility, the care, anxiety and mental labor are much greater in a case where the amount involved is large than where it is comparatively insignificant. Nor is this responsibility, care and labor dependent alone upon the number of hours or days, as here contended, which may be given to the preparation and trial or argument of the case. All elements should be considered in fixing the value of the attorney's services. (Thornton on Attorneys at Law, p. 927.) The jury was so instructed and there is no evidence that they were not considered by the jury in determining the amount of the verdict. Payment was resisted and plaintiff had to resort to the courts for the collection of his claim. The amount recovered does not, as claimed, shock the conscience.

The judgment is affirmed.

Knight, J., and Cashin, J., concurred.