[Civ. No. 15205. Second Dist., Div. Three. Oct. 18, 1946.]

KATHERINE F. SCHAEFER, as Special Administratrix, etc., et al., Respondents, v. FRED S. LACK, Appellant.

Harry W. Horton for Appellant.

Tripp, Callaway, Sampson & Dryden for Respondents.

KINCAID, J. pro tem.—John L. Schaefer and Henry S. Dottenheim, each an attorney at law, duly licensed to practice as such in California, brought the within action to recover attorneys' fees from defendant, as their client, for services performed in connection with an appeal from a judgment of the United States District Court, for the southern district of California, to the Ninth Circuit Court of Appeals.

The cause was tried before a jury, resulting in a verdict and judgment in behalf of plaintiffs in the sum of $24,145.77, from which defendant now appeals. Subsequent to the entry of judgment, plaintiff John L. Schaefer died, and his wife, Katherine F. Schaefer, as special administratrix of his estate, was substituted in his place and stead.

In order to understand the issues presented in this action, some historical background must first be laid.

In 1934, Lack was the owner of certain furniture and fixtures contained in the Hotel Dunlack, located in Brawley, California. The hotel was owned by Western Loan and Building Company, a corporation, hereinafter called Western, it having taken over such ownership following a default in the loan which it had previously made thereon. A contract was entered into between Western and Lack whereby the latter assigned his furniture and fixtures to Western, and such corporation leased the hotel and all equipment therein to Lack for a period of years with an option to purchase same, all rentals paid during the period to apply on the option. The contract further provided that if the premises were damaged

by any casualty Western should repair them, if repairable within 20 working days, otherwise the lease should terminate and the parties be released from all obligations thereafter accruing. Lack took possession of the hotel on January 1, 1935, and made improvements thereon. In 1939 Lack procured and delivered to Western a policy of insurance against loss or damage to the hotel building by earthquake. On May 19, 1940, the hotel building was severely damaged by earthquake. Negotiations were thereupon had between Lack and Western in an effort to settle the legal and contractual rights of each, but without success. Western then filed an action in the District Court of the United States against Lack and the insurance company. Lack thereupon employed John L. Schaefer as his attorney and an answer to such complaint was filed. The insurance company interpleaded and deposited the sum of $28,067.87 in court and was permitted to withdraw from the action. Lack, through his attorney, then filed an action in the Superior Court of the State of California, in the county of Imperial, with Western as the defendant, asking, in effect, a specific performance of his contract with Western and that it be compelled to make all repairs for the damage to the hotel sustained by the earthquake. A second cause of action prayed for damages claimed to have been sustained by its failure to make such repairs. By appropriate proceedings Western caused this action to be removed to the District Court of the United States, where both actions were then consolidated for trial.

The trial court, sitting without a jury, found that the repairs could not be made in 20 days, that the lease terminated the day of the earthquake, together with the option, that all moneys which had theretofore been paid by Lack as rentals, or by way of improvements to the premises, were forfeited to Western, and that all of the insurance money belonged to it, the furniture and furnishings, however, belonging to Lack. Judgment was entered accordingly, from which Lack appealed.

Schaefer, in behalf of Lack, filed the notice of appeal in such action and took all preliminary steps toward the perfection of the record on appeal. After Schaefer had done considerable work on such appeal he became ill and was confined in a hospital. He thereupon advised Lack that because of the condition of his health another attorney should be substituted. Plaintiff, Henry S. Dottenheim, was discussed

between them as a possibility and it was agreed between Schaefer and Lack that Dottenheim should be employed with the understanding that Lack was doing business with Schaefer and that the latter would have to take care of Dottenheim out of any arrangement that Lack and Schaefer made.

On July 27, 1942, Lack signed a substitution of attorneys naming Dottenheim and Schaefer, in lieu of Schaefer alone, as his attorneys in the cause then on appeal from the United States District Court. On August 19, 1942, the following letter agreement was executed: "In re: *F. S. Lack vs. Western Loan & Building Co.*

Dear Mr. Schaefer:

"This letter, when accepted by you, constitutes the agreement between us, in the matter of the appeal in my case in the Circuit Court of Appeals against The Western Loan and Building Co. and confirms my previous authorization for you to retain Mr. Henry H. Dottenheim as associate counsel with you in said appeal. You will, however make your own arrangements with Mr. Dottenheim.

"For legal services rendered me in said appeal I confirm the previous arrangements with you as follows:

"1. I will pay you a retainer of Six Hundred ($600.00) Dollars payable as follows: One Hundred Dollars forthwith and One Hundred Dollars each thirty days hereafter until the said Six Hundred Dollars is paid in full.

"2. Should the Court award me only a decree of specific performance then I will pay you such additional sum as you and I may then agree to be fair and reasonable under the circumstances.

"3. If the court decides that I am entitled to recover a sum of money in addition to the Insurance award, with or without an award for specific performance, then and in that event I will pay you One Third of such money award, when as and if the same is collected by settlement or order of Court.

"4. I will pay all costs incurred in this appeal and it is expressly understood that neither you nor Mr. Dottenheim shall have any interest in the real property, land, building*g*, or the improvements involved in this appeal. Said Six Hundred Dollars shall be deducted from any additional fee paid hereunder. Very truly yours, (Signed) F. S. Lack· Accepted

F. S. Lack

this 19th day of August, 1942. (Signed) John L. Schaefer

John L. Schaefer.''

On the following day, Schaefer delivered a letter to Dottenheim reading as follows: "This is to confirm our agreement regarding the fees in the above entitled matter.

"Annexed hereto is the agreement between me and Mr. Lack regarding the fees.

"It is understood that of the $600.00 retainer provided for therein, you are to receive the first three checks of $100.00 each and I am to receive the next three checks.

"All other fees are to be divided equally between us.

"Any fees agreed upon, as provided for in paragraph 2 of the agreement, will not be arrived at without prior consultation with you and your agreement as to the fairness and reasonableness of the fee agreed upon." A copy of this letter was delivered to Lack by Schaefer on the same day it was written.

The decision of the circuit court of appeals was handed down April 9, 1943, and is reported in 134 F.2d 1017, wherein the judgment of the trial court was reversed with directions that judgment be entered in favor of Lack, requiring Western to convey to Lack the hotel property, awarding Western only the balance of the purchase price under the original agreement between such parties in the sum of $19,250, to be paid out of the insurance funds, and awarding Lack the remainder of such fund of $8,817.87. No mention of interest or damages was made in such opinion, and the trial court refused, on motion of Lack, to enter a decree providing therefor. Lack, through his attorneys, then again appealed to the circuit court of appeals on these questions, which appeal was dismissed. The court, in ordering such dismissal, held that the directed judgment was a final disposition of the appeal and not subject to further appeal, in that its mandate instructed the district court to enter a final rather than an interlocutory judgment. (146 F.2d 852.) A petition for writ of certiorari to the Supreme Court of the United States then followed in behalf of Lack, which petition was denied on April 23, 1945.

Efforts then continued and are now continuing in behalf of Lack in the district court to obtain damages claimed to have accrued to him during the interval between the erroneous decree in that court and its reversal in the circuit court. As the complaint herein was filed March 9, 1944, it is apparent that the matter of the recovery of damages in behalf of Lack was still open and being pursued both at that date and at the time of trial of the instant case.

Prior to the filing of this action both Schaefer and Dottenheim endeavored to reach an understanding with Lack concerning the amount due them as attorneys' fees on the appeal, but without success. Demand was thereupon made by such attorneys upon Lack for the payment of the sum of $35,000, as being the reasonable value of the legal services rendered him by them, and payment was refused. The within action was then instituted for the recovery of such sum for the legal services rendered defendant on the appeal in accordance with the contract with defendant of August 19, 1942. Defendant, in addition to denying that he owed any sum whatsoever to plaintiffs, claimed both by way of counterclaim and cross-complaint that he had been heavily damaged by reason of the negligence of plaintiffs in the handling of his legal matters on such appeal because of their failure to recover damages for him against Western and in other particulars.

The jury returned the verdict which constitutes, under the evidence, an allowance of $25,000 as attorneys' fees for plaintiffs, less a credit to defendant of the sum of $600, being the original retainer paid, and the further sum of $254.23 found to be due defendant as interest on certain checks received by such attorneys from Western and later delivered by them to him.

Defendant-appellant first urges as ground for reversal of the judgment herein that his contract as to attorneys' fees is not severable so as to permit plaintiffs to sue under paragraph 2 thereof for the reasonable value of their legal services rendered on the appeal because, at the time of trial of the instant case, proceedings were still pending in the federal courts directed toward the recovery from Western of damages of which plaintiffs would be entitled to one-third. For this reason he maintains that the action is premature. A proposed instruction to this effect was submitted by defendant and rejected by the trial judge and the jury was instructed that as a result of the appeal a reversal of the judgment was had whereby Lack obtained specific performance of his contract with Western and a return of the hotel property, as a consequence of which plaintiffs are entitled to such a sum, in addition to the $600 retainer, as may be fair and reasonable for their services in handling such appeal.

By its terms the contract obligated Schaefer to render legal services only in the matter of the appeal of defendant's case from the district court to the circuit court of appeals. He in

turn was authorized to employ Dottenheim to assist him in that task. Since varying results might be obtained by the appeal the parties to the agreement provided for a different basis of compensation dependent upon the nature of the outcome. ▮ From its language, as well as the evidence, the trial judge could very well interpret the agreement to mean that, if no success attended the appeal Lack was under no obligation to further pay plaintiffs; if he obtained specific performance he was to pay a reasonable fee; if he obtained any money by virtue of the appeal in addition to the insurance award, with or without specific performance, he was to pay one-third thereof.

Plaintiffs, in behalf of defendant, were successful in obtaining a reversal of the judgment by virtue of the appeal. The circuit court of appeals ordered specific performance of Lack's contract with Western and the payment to him of a substantial portion of the insurance award. No additional moneys by way of damages, or otherwise, were ordered nor mentioned from which plaintiffs might obtain any proportionate part as attorneys' fees. ▮ The fact that additional legal efforts were exerted by plaintiffs subsequent to the said appeal to obtain a further allowance by way of damages does not necessarily affect their right to recover for the services rendered by them on the particular appeal for which they were employed. ▮ In the light of the evidence the construction so given the agreement by the trial judge seems to have been reasonable and consistent with the intent of the parties making it. Under such conditions courts of appellate jurisdiction will not substitute another interpretation even though it may seem equally tenable. (*Johnston* v. *Landucci* (1942), 21 Cal. 2d 63, 69 [130 P.2d 405, 148 A.L.R. 1355]; *Wilson* v. *Brown* (1936), 5 Cal.2d 425 [55 P.2d 485]; *Hale* v. *Harbor Petroleum Corp.* (1934), 139 Cal.App. 455 [33 P.2d 1039].)

▮ Defendant urges prejudicial error in the fact that Dottenheim appears as a party plaintiff with Schaefer, although the contract of employment is with the latter only. He argues that no contract, express or implied, exists as between Dottenheim and himself but that such attorney must look only to Schaefer as to his claim for any compensation. In support of this position defendant cites authorities for the proposition that, in the absence of authority from, or assent by, the principal, an attorney is not empowered to employ assistant counsel at the expense of his client. Here, however,

564

Dottenheim was employed as associate counsel with Schaefer for the appeal, with the express written assent of defendant, subject only to the condition that Schaefer would make his own arrangements with such associate. The letter of August 20, 1942, from Schaefer to Dottenheim, which is above set forth, a copy of which was delivered to defendant, constituted the arrangement so made between the plaintiffs whereby all fees accruing to Schaefer under his contract with defendant were to be equally divided between them. Dottenheim was formally substituted into the case by defendant as cocounsel with Schaefer. Under such conditions the legal services performed by Dottenheim are properly included with those by Schaefer in evaluating the reasonable fee to be paid by defendant under his contract and Dottenheim, as an equitable if not a legal assignee of one-half of such earned fee, is a real party in interest with the right to bring suit thereon in his own name. (Code Civ. Proc., § 367; 3 Cal.Jur. § 43, p. 297; *Tornquist* v. *Johnson* (1932), 124 Cal.App. 634, 641 [13 P.2d 405].) As Dottenheim's services must necessarily be included with those of Schaefer it is difficult to see, in any event, how the addition of Dottenheim as a party plaintiff can be held to be prejudicial to the defendant. ▉ The unsuccessful efforts to agree upon a fee and demand for payment having followed, an action for the reasonable value of the services rendered was proper. (*Stuart* v. *Preston* (1934), 2 Cal.App. 2d 310, 316 [38 P.2d 155, 39 P.2d 441]; *Elconin* v. *Yalen* (1929), 208 Cal. 546, 549 [282 P. 791]; *Nave* v. *Taugher* (1920), 49 Cal.App. 308, 312 [193 P. 508].)

Defendant makes the further point that the judgment, based upon the verdict herein, is unreasonable, excessive and given under the influence of prejudice. He argues, in support of this position, that the appeal dealt only with the recovery of a hotel which was so damaged as to require the expenditure of some $44,000 to repair it, and insurance funds of about $28,000. He claims prejudicial error by the receipt in evidence of testimony as to the value of and the income from the hotel property, both before and after it was repaired.

▉ Evidence was adduced, by competent witnesses, to the effect that the hotel property, on the date of its recovery by the appeal and prior to making the necessary repairs, was of the reasonable value of $162,256.78; that the actual cost of such repairs was $44,243.22, leaving a gross value of the hotel after repair of $206,500; that prior to its being damaged it

netted Lack about $1,766 per month and that in May of 1945 the income therefrom was $1,750 a month. Such evidence was pertinent and relevant as a circumstance tending to show the reasonable value of the legal services performed on the appeal. It is always competent, in an action concerning the value of legal services to prove the nature of the litigation, the amount involved, the value of the real estate in controversy, the monthly rental thereof and the results obtained. (3 Cal.Jur. § 108, p. 710; *Cusick* v. *Boyne* (1905), 1 Cal.App. 643, 646 [82 P. 985].) Defendant claims that the jury was improperly influenced by the elicitation from him, on cross-examination, of certain information as to other properties owned by him. The record discloses, however, that this line of inquiry was in response to a statement by Lack on direct examination to the effect that he and his wife spent about 24 hours a day in managing the hotel. To contradict this assertion he was asked concerning other businesses operated by him to which he also gave his time and attention. His counsel thereupon stipulated that he had previously testified at the time of taking his deposition that he spent quite a bit of time in connection with other enterprises. In the light of defendant's direct testimony the cross-examination to which objection is made was properly admitted. Our attention has been called to nothing further in the record which can be said to have improperly or prejudicially influenced the jury contrary to the interests of the defendant in its fixation of the amount found due plaintiffs by the verdict.

 The sum so allowed is further protested as being unfair, unconscionable and unreasonable, when compared to that which any ordinarily competent attorney might be entitled for the handling of the appeal in question. The evidence as to the reasonableness of the fee is at great variance. Two reputable and competent attorneys were called as witnesses by the plaintiffs and two of similar standing testified in behalf of defendant. Those for plaintiff gave values of from $30,000 to $40,000 while defendant's witnesses advanced values of from $1,500 to $2,500. Even if we were to assume that the fee awarded is higher than we would have allowed if called upon to fix it in the first instance, we are limited on appeal to the single inquiry as to whether there is substantial evidence supporting the verdict. If the record discloses such evidence the issue as to the value of the services may be

considered as having been closed by the finding of the jury. (*Stuart* v. *Preston, supra,* 2 Cal.App.2d 310, 316; *Treadwell* v. *Nickel* (1924), 194 Cal. 243, 251 [228 P. 25]; *Grass* v. *Rindge Co.* (1927), 84 Cal.App. 750, 766 [258 P. 673].)

In support of such finding the evidence shows that at the time plaintiffs began their legal work on the appeal they were confronted with a trial court judgment which had the practical effect of wiping out all of the interest which their client, the defendant herein, had owned in the hotel property, save and excepting the furniture and furnishings. The legal problems presented by this appeal were manifold, complex, and required a high degree of skilled legal training and ability. Dottenheim spent 415.17 hours on the appeal and Schaefer spent approximately 163 hours. The extent of the success achieved by their efforts is shown by the obtaining of a complete reversal of the judgment at the hands of the circuit court of appeals, resulting in Lack recovering full ownership of the hotel property, plus $8,817.87 in insurance moneys. This evidence, when taken with that relating to the value of the property involved and the opinions of the expert witnesses as to the reasonable value of plaintiffs' services, is sufficiently substantial to fully support the verdict and judgment herein. In addition thereto defendant moved for a new trial upon the ground, among others, that the verdict was excessive. The denial of the motion expresses the determination of the trial judge that the verdict was not against the weight of the evidence.

We have considered the other points raised by defendant on this appeal but find them lacking in merit. No prejudicial error is shown either on the court's rulings on the admissibility of the evidence, or in the instructions as given the jury.

The judgment is affirmed.

Shinn, Acting P. J., and Wood, J., concurred.

A petition for a rehearing was denied November 8, 1946, and appellant's petition for a hearing by the Supreme Court was denied December 16, 1946.