336 P.2d 144

**John M. SCHWARTZ, Appellant and Cross Appellee,**

v.

**Martin SCHWERIN, Arvetta Schwerin, Solana Land Company, Appellees and Cross Appellants.**

No. 6432.

Supreme Court of Arizona.

Feb. 20, 1959.

Scruggs & Rucker, Tucson, for appellant.

Frank J. Barry, Tucson, for appellees.

UDALL, Justice.

This is an action in three counts by plaintiff (appellant) John M. Schwartz against defendants (appellees) Martin Schwerin, Arvetta Schwerin, his wife, and Solana Land Company, a corporation, for attorney's fees on quantum meruit basis. The parties will hereafter be referred to as they appeared in the lower court, and the corporate entity, where referred to sep-

arately, will be termed "Solana". The case was tried to the court, sitting without a jury. Plaintiff prayed for judgment in the aggregate sum of $115,000; the trial court entered judgments totalling $12,500, which the plaintiff, by this appeal, contends was inadequate, i. e., in amounts "grossly insufficient" in each instance for the services rendered.

It should also be noted there is a cross appeal by the defendants against plaintiff which will be considered later.

The problems presented on this appeal are not involved. At a pre-trial conference it was stipulated "that the only issue to be tried on Counts I and II of the Complaint is the reasonable value of plaintiff's services to the defendants." For all practical purposes the same thing may be said as to Count III. By their separate answer to each count, defendants admitted the relationship of attorney and client existed; that they had not paid plaintiff anything for such services; and they further assert the defendants stood ready to pay plaintiff a reasonable attorney's fee for services rendered. As a matter of fact, shortly after this litigation commenced defendants made a written offer to allow judgment to be entered against them for $11,000.

■ Where, as here, the amount of compensation claimed is not fixed by an agreement between the parties, *the attorney must declare for relief on a quantum meruit,* which means the reasonable value of services rendered. 7 C.J.S. Attorney and Client § 191.

■■ At the outset it is well to determine on what record the validity of the judgment in question is to be decided. Plaintiff Schwartz bases several assignments of error, and much of his argument, upon loose statements appearing in a "Memorandum Opinion"—which was the medium used by the trial judge in announcing his decision—rather than attacking specific findings of fact or conclusions of law made by the trial court at the time judgment was entered. The law is settled in this jurisdiction that a memorandum opinion of the trial judge cannot form the basis of an assignment of error. Robinson v. Herring, 75 Ariz. 166, 253 P.2d 347; Haynie v. Taylor, 69 Ariz. 339, 213 P.2d 684; Ollason v. Glasscock, 26 Ariz. 193, 224 P. 284. We shall therefore ignore any assignments, or arguments, predicated upon statements appearing only in the memorandum opinion.

■ Before discussing the separate counts, it seems advisable that we state the well-known basic elements to be considered in determining the reasonable value of an attorney's services. From a study of the authorities it would appear such factors may be classified under four general headings (1) *the qualities of the advocate:* his ability, his training, education, experience, professional standing and skill; (2) *the*

*character of the work to be done:* its difficulty, its intricacy, its importance, time and skill required, the responsibility imposed and the prominence and character of the parties where they affect the importance of the litigation; (3) *the work actually performed by the lawyer:* the skill, time and attention given to the work; (4) *the result:* whether the attorney was successful and what benefits were derived. See, 7 C.J.S. Attorney and Client § 191 a. (2), p. 1080 et seq.; 5 Am.Jur., Attorneys at Law, section 198. Cf. Ives v. Lessing, 19 Ariz. 208, 168 P. 506. Furthermore, good judgment would dictate that each of these factors be given consideration by the trier of fact and that no one element should predominate or be given undue weight.

A careful reading of the entire record convinces us that the learned trial court fully understood these principles and applied them in rendering its judgment.

## Count One

Plaintiff's claim for a $75,000 attorney's fee under this count arises out of his defending a somewhat involved action for specific performance brought against Solana relative to a sale of section 19 (owned by said corporation) which lies in a very exclusive residential area in the Catalina Foothills north of Tucson. A complete résumé of this case will be found in the reported decision of Solana Land Co. v. National Realty Co., 77 Ariz. 18, 266 P.2d 739, 43 A.L.R.2d 1002. It should be noted that the action was commenced by plaintiff, and an answer filed by the attorney who then represented Solana, before plaintiff Schwartz was employed as counsel the latter half of the year 1951. Attorney Schwartz tried the case, lost it in part in the superior court, but won a complete victory on appeal to the supreme court, wherein title was quieted in Solana. One of the findings of fact in the instant case was that at the time said litigation commenced, section 19 had an approximate value of $200,000 and that when the mandate of this court went down the property had an approximate value of $500,000. Eventually section 19 was sold for $550,000. Plaintiff claimed no credit for the sale, though according to his testimony he did advise as to certain minor phases of the contracts, etc. However, plaintiff testified: " * * * If I had not advised in the sale of the property I would have stated the same fee for the land case because I just considered it in there."

This count was decided on the basis of expert testimony offered by both parties as to what would be a reasonable fee. One attorney, as a witness for plaintiff, in answer to a hypothetical question, stated that a reasonable fee would be $41,000 to $42,000, which sum he admitted was largely arrived at on the basis of ten percent of the amount "saved" for Solana. One of plaintiff's other expert witnesses, without assign-

ing any specific reason therefor, gave as his opinion that a reasonable fee would range "from an absolute minimum of $35,000 to a reasonable maximum of $45,000." Another attorney made an estimate of $35,000. We do not know what factors these reputable lawyers took into consideration in making their estimate of a proper fee, but it would appear to be based principally on the results and benefits derived by the client. We are not suggesting that the increased value of the property is to be entirely disregarded; however, that factor need only be considered in order to determine the importance of the litigation and the enlarged responsibility thus imposed upon the attorney. Furthermore, in the matter of determining a reasonable fee there is a distinction between, as here, defending a client's property and enriching one client under the "salvage" theory. See, Cooke v. Gove, 61 Nev. 55, 114 P.2d 87, 135 A.L.R. 855.

Two attorneys, called by defendants, who had heard plaintiff's testimony and carefully examined the complete file, testified that in their opinion a reasonable fee on this count would be $6,000. All of the attorneys who testified were prominent members of the Pima County Bar and were subjected to rigid cross-examination by opposing counsel. Upon the basis of this conflicting testimony the trial court entered judgment on this count against the corporation for the sum of $6,000.

As to count one, plaintiff assigns as error the refusal of the trial court to permit him to estimate, at the trial, the number of hours spent on this matter. The basis for this ruling is made clear in the Reporter's Transcript. When counsel for plaintiff asked for such an estimate, objection was made, and sustained, upon the ground of estoppel. It appeared that defendant, ten months prior to trial, had submitted written interrogatories in a "discovery" effort to determine just how much time the plaintiff claimed he had spent so that he might better prepare his defense. Plaintiff failed or refused at that time to give any approximation on the time element and was very evasive as to any question submitted to him on this point. The trial court, by its ruling, merely required plaintiff to stand on the answers previously given. It is fundamental that interrogatories are a "discovery process" and the inquiring party is entitled to be made aware of certain facts known only to the opposing party, so that he may be better able to prepare for trial. At best the ruling attacked raised a matter of discretion with the trial court, and upon this record we perceive no abuse of discretion or error in its ruling.

### Count Two

Plaintiff, under this count, claimed there was due him from Solana the sum of $25,-000 as a reasonable attorney's fee for services rendered to the corporation dur-

ing the period December 1949 to March 1954, principally in connection with certain tax matters. Plaintiff not only prepared the corporate tax returns for the years 1948 to 1953 inclusive, but more particularly instituted an action in behalf of the corporation to upset a deficiency tax assessment for the year 1946 amounting to $26,872.35. This matter was heard before the United States Tax Court in Los Angeles. The trial lasted one afternoon. A favorable judgment was obtained for the taxpayer. Plaintiff further contends, and the trial court found it to be a fact, that as a result of this test case the Bureau of Internal Revenue abandoned its previous method of assessment, which resulted ultimately in additional tax savings to Solana of $68,254.66 for the years 1948, 1951, 1952 and 1953.

Two attorneys were called by plaintiff and in answer to hypothetical questions stated that in their opinion reasonable values of plaintiff's services in these matters were $15,000 and $20,000 respectively. A local tax attorney, testifying for the defendant, classified the case as a very common one and stated that he had examined the entire tax file; the time spent by plaintiff he estimated to be 100 hours, and he gave it as his opinion that $5,000 was a reasonable fee for all services rendered. On this conflict the trial court allowed a fee of $5,000.

## Count Three

Under this count plaintiff alleged that during the years 1952, 1953 and 1954 he had rendered legal services (in addition to those previously considered) in "myriad matters" relative to the business and affairs of the defendants. While no time records were kept, plaintiff in his testimony estimated he had worked 1,000 hours thereon, for which he was asking a flat $15 per hour or a total of $15,000. Defendant Martin Schwerin denied much of plaintiff's testimony and minimized the services rendered under this count. The latter could recall that plaintiff had prepared the Schwerins' tax returns for three years and had rewritten their wills. It was all so nebulous that, except as to a few specific items, no legal experts were called to make an estimate of the overall value of such services. The trial court found that the time reasonably required to do the work outlined under this count was 50 hours and that the reasonable value of services rendered was $1500. It entered judgment against defendants Martin Schwerin and Arvetta Schwerin, his wife, for such an amount.

There is one assignment of error pertaining to defendants' answer filed to count three that will now be considered. Plaintiff contends that this answer admitted a liability of $4500 and put in issue

only that part of plaintiff's demand in excess of that figure, hence he claims it was error for the trial court to enter judgment for any lesser amount. This particular portion of the answer reads:

"IV. Deny that the services were reasonably worth the sum of $15,000 or any sum in excess of $1500 per year or a total for the period of $4500; * * *".

The law is well settled that an admission in an answer is binding on the party making it, and is conclusive as to the admitted fact. No evidence may be shown to contradict the admitted fact, and a finding contrary thereto is erroneous. 71 C.J.S. Pleading § 160 c; Lifton v. Harshman, 80 Cal.App.2d 422, 182 P.2d 222.

■ Originally, as the issues were framed, plaintiff's complaint in all three counts was directed against all the defendants, i.e., Solana and the Schwerins, and the answer thereto was joint. At the pre-trial conference plaintiff moved to dismiss his claim, under counts one and two, as to the Schwerins, and similarly at the close of the trial moved to dismiss count three as against Solana. When this change occurred, if the Schwerins did not want to be bound by the answer theretofore filed they should have requested leave to amend; inasmuch as they failed to do so we hold that they are bound by the answer. The assignment is meritorious.

### Interest

The instant claim for attorney's fees, on a quantum meruit basis, are clearly unliquidated. Unlike some states we have no statute governing the allowance of interest in such a situation. Apparently there is no uniformity in the reported decisions as to from what time interest is to be computed. Some hold (a) from date of judgment, (b) from commencement of the action, and (c) from date of demand.

Plaintiff contends the latter rule should be followed. By an appropriate assignment of error and supporting propositions of law he urges that the trial court was in error by failing, in its judgment, to allow interest from date of demand, i. e., November 26, 1954, even though the amounts claimed due were far in excess of the fee ultimately allowed. Reliance is had upon the New York rule which was enunciated by Justice Cardozo in the case of Prager v. New Jersey Fidelity & Plate Glass Ins. Co., 245 N.Y. 1, 156 N.E. 76, 52 A.L.R. 193 (See, Annotation beginning at page 197).

From an independent search we discover there are three Arizona decisions supporting proposition (b), supra, i. e., that interest is recoverable only from "commencement of action" (in this instance, April 25, 1955). See: United States Fidelity & Guaranty Co. v. California-Arizona Const. Co., 21 Ariz. 172, 186 P. 502, followed thereafter without analysis of the basic

250

reasons therefor in Greenlee County v. Webster, 30 Ariz. 245, 246 P. 543, and in Spitalny v. Tanner Const. Co., 75 Ariz. 192, 254 P.2d 440. However, as will be later shown, there are other Arizona decisions that follow the "date of judgment" theory.

Unquestionably the general rule denies interest on unliquidated demands for services rendered until rendition of judgment: 33 C.J., Interest, sec. 72(2); 7 C.J.S. Attorney and Client § 191 c; 47 C.J.S. Interest § 19 a; 5 Am.Jur., Attorneys at Law, sec. 199; Burnett v. Graves, 5 Cir., 230 F.2d 49, 56 A.L.R.2d 1; Garden v. Riley, 116 W.Va. 723, 183 S.E. 46, 143 A.L.R. 662; Smith v. Saulsberry, 157 Wash. 270, 288 P. 927. This court in Arizona Eastern R. Co. v. Head, 26 Ariz. 259, 224 P. 1057, 1059, stated:

> " * * * If the claim is unliquidated and is in dispute no interest is allowed upon the theory that the person liable does not know the sum he owes and therefore can be in no default for not paying." (Citing cases.)

and in the recent case of American Eagle Fire Ins. Co. v. Van Denburgh, 76 Ariz. 1, 257 P.2d 856, it was held that on an unliquidated claim interest should only be allowed from date of judgment. Cf. Borrow v. El Dorado Lodge, 75 Ariz. 218, 254 P.2d 1027.

This outright conflict in our own decisions has caused us to carefully re-examine the reasoning behind these various holdings and we have concluded that the general rule is soundest and should be followed in this jurisdiction. We therefore expressly overrule the contrary holding in the cases of Spitalny, Greenlee County, and United States Fidelity & Guaranty Co., supra. The trial court ruled correctly in the instant case, hence there is no merit to plaintiff's assignment of error.

## Cross Appeal

Defendants have cross-appealed from the judgment entered. Their primary assignment of error is as follows:

> "The Court erred in rendering any judgment in favor of Plaintiff, for the reason and upon the ground that while employed as attorney for Defendants, Plaintiff acquired confidential information concerning their business and, in his Complaint, he published and disclosed such information without justification."

which is supported by the following proposition of law, viz.:

> "When an attorney at law breaches his duty of loyalty to his client he forfeits all right to compensation."

By the judgment entered it is obvious the trial court did not consider plaintiff had forfeited his right to compensation be-

cause of a breach of confidential relationship between attorney and client. The basis for this cross appeal lies in the allegation in paragraph 3 of Count I of the complaint, which is repeated by reference in the other two counts. A careful review of the entire record convinces us that the trial court was correct in its ruling. It would clearly have been in error to deny plaintiff Schwartz any relief. The cross appeal is ordered dismissed.

### Conclusion

 Counsel for defendants has advanced but one proposition of law, viz.:

"In an action at law for an attorney's fee the appellate court is bound by the findings of the trial court where they are supported by substantial evidence.",

which principle it is contended is controlling on this appeal. From our previous recitation of the facts it is obvious that while the testimony is in conflict there is substantial evidence to support the findings of fact, conclusions of law and judgment of the lower court. Furthermore it is our duty to construe the evidence in a light most favorable to a sustaining of the judgment. That there is a conflict seems to be conceded, as in his reply brief counsel for plaintiff states:

*"Admittedly, in the evidence there was a conflict between the experts as to the value of the appellant's services.* This is to be expected * * *."

(Emphasis supplied.)

 In an effort to escape the binding effect of the above legal principle, the plaintiff—relying upon decisions which we do not believe to be in point—contends that this rule does not apply in this action at law for attorney's fees. He urges that the matter of fixing the value of an attorney's fee:

(a) " * * * is a subject on which the appellate court will exercise its own independent judgment, notwithstanding the findings or conclusions reached by the trial court.

\* \* \* \* \* \*

(b) " * * * the testimony of the experts may be disregarded by the appellate court as well as the trial court. The need for experts to advise the trial judge or the appellate court as to the value of an attorney's services is doubtful and the use of such witnesses is not necessary. * * *"

This contention is not only wrong but it is wholly at odds with plaintiff's position at the trial. Near the end, when opposing counsel objected to an attorney witness giving his opinion as to certain briefs prepared by plaintiff in the "land case", on the ground the trial court was qualified to make this evaluation, counsel for plaintiff stated:

(Mr. Scruggs) "I think undoubtedly Judge Tullar is perfectly capable of making it, but it seems to me throughout this case that the rulings and the attitude of the Court and the lawyers both have been that the experts are necessary."

Plaintiff in effect is urging that this court should now retry the case on the record here presented and exercise its independent judgment as to what attorney fees should be allowed to plaintiff and direct the lower court to enter judgment accordingly. Were we to do this we would be exercising original rather than appellate jurisdiction. We test this judgment as we would any other and if there is substantial evidence to support it, and we hold there is, then that ends the inquiry and it is our duty to affirm the judgment. Burnett v. Graves, supra; Schaefer v. Lack, 76 Cal. App.2d 556, 173 P.2d 370, 375. If plaintiff's contention is construed to be that as a matter of law the fee fixed is wholly inadequate, he fares no better under the authorities. See, Matthiesen v. Smith, 16 Cal.App.2d 479, 60 P.2d 873.

While there are other assignments of error, we believe that we disposed of all those deserving of consideration.

Judgment on Counts one and two is affirmed; as to count three judgment is reversed with directions to the trial court to enter judgment for plaintiff against the Schwerins in the sum of $4500. Each of the parties are to bear their own costs on this appeal.

Affirmed in part and reversed in part, with directions.

PHELPS, C. J., and STRUCKMEYER and BERNSTEIN, JJ., concurring.

NOTE: Justice JOHNSON having announced his disqualification, Honorable CHARLES P. ELMER, Judge of the Superior Court, Mohave County, was called to sit in his stead. After hearing oral arguments Judge ELMER became so ill that he is not participating in the final decision, though he indicated his approval thereof.